No. 33,530

DOLLY TIVIS, *Appellant*, v. DAISY HULSEY et al., *Appellees*.

(73 P. 2d 1111)

Opinion filed December 11, 1937.

*A. J. Herrod*, of Kansas City, for the appellant.

*William H. McHale* and *Thomas H. Finigan*, both of Kansas City, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from a ruling sustaining a motion to dissolve a restraining order.

We shall first notice appellee's motion to dismiss the appeal. The order complained of was made April 21, 1937, and notice of appeal was served and filed with the clerk of the trial court the next day. The combined abstract of the record and brief of the appellant was filed in this court on September 17, 1937. On September 5, 1937, Daisy Hulsey filed her motion in this court to have the appeal dismissed because appellant had not complied with chapter 268, Laws of 1937, relative to taking and perfecting appeals. It is argued that motion should be sustained because a transcript of testimony is not necessary and the abstract was not filed within forty days from the time notice of appeal was filed with the clerk of the trial court. Reference to the Session Laws of 1937 will show the above statute did not become effective until June 30, 1937, or after the appeal was perfected. The matter is controlled by G. S. 1935, 60-3312 (now repealed by the above statute), under which the abstract did not have to be served until at least forty days before the time fixed for hearing in the supreme court, and that was done. (See G. S. 1935,

77-201, *first,* pertaining to statutory construction.) The motion to dismiss the appeal is denied.

Appellant filed her petition which, omitting allegations not now material, stated that one Thaddeus Hulsey had a policy of insurance on his life for $2,000; that commencing in 1927 and continuing to the end of 1934, plaintiff, at the request of Thaddeus Hulsey, an aged man, made trips from Wichita to Kansas City, Kan., and would remain at his home doing his housework, preparing his meals, mending his clothes, and would take him to Wichita, where she would provide him with food, lodging, etc.; that in December, 1933, he orally agreed with her he would cause her to be named as beneficiary in the insurance policy and not cause the beneficiary to be changed to any other person, such designation to be in payment for the many services performed, and that he did cause the insurance company to designate her as beneficiary; that such designation remained in force until about January 16, 1936, when Thaddeus Hulsey or some person unknown to plaintiff caused the beneficiary to be changed to the individual defendants in direct violation of his contract with her; that Thaddeus Hulsey died February 17, 1936; that the individual defendants collected the proceeds of the insurance policy, and deposited them in the defendant bank, where the same or part thereof now are; that the individual defendants are insolvent and threatening to remove the money from the defendant bank, and unless restrained would do so and remove the same from the jurisdiction of the court. The prayer was for appropriate relief. At the time the petition was filed on July 13, 1936, the trial court issued its order restraining the individual defendants from withdrawing any of the funds from the defendant bank until further order of the court. The bank answered it had on deposit in the name of Daisy Hulsey the sum of $903, and that it neither admitted nor denied the allegations of plaintiff's petition.

Defendant Daisy Hulsey answered she was the wife of Thaddeus Hulsey, having married him in 1935. She alleged certain matters pertaining to the insurance policy and that she was the beneficiary. After denying generally the allegations of the petition, she denied specifically that plaintiff had any interest in the funds in the defendant bank.

Plaintiff's reply denied allegations of the answer inconsistent with the petition.

Thereafter, defendant Daisy Hulsey filed her motion to dissolve the restraining order for the reason the funds deposited were proceeds from a policy of life insurance and exempt, which motion the trial court allowed, giving plaintiff ten days in which to appeal to this court from the adverse ruling, and staying proceedings. The appeal was perfected within the time allowed.

Although the only matter before the trial court was the motion to dissolve the restraining order, the appeal before us is presented in about the same manner it would have been if the action had been heard on its merits by the trial court. The issues presented by the pleadings have not been determined in the trial court nor has there been any demurrer or motion in that court properly raising questions of law such as are presented in the briefs. Were we to discuss and decide these questions, in effect we would decide the cause before it had been tried in the lower court. That we decline to do.

From the allegations of the petition it appears that Daisy Hulsey is insolvent, and that unless she and the defendant bank are restrained, the proceeds of the insurance policy will be removed from the jurisdiction of the court. The restraining order was properly made; otherwise, if plaintiff sustained her allegations and recovered judgment, it would be of no actual benefit to her. The answers and reply contain no allegations and admissions that lead to any conclusion the restraining order was inadvertently or improvidently made, nor did the trial court so find. The restraining order should have been continued in force pending trial of the action on the merits.

The order of the trial court dissolving the restraining order is reversed and the cause remanded for further proceedings consistent herewith.