No. 34,287

GRIDLEY RURAL HIGH-SCHOOL DISTRICT No. 2, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WOODSON, *Appellant*.

(95 P. 2d 972)

Opinion filed November 20, 1939.

*Hoyt F. White*, of Yates Center, and *George W. Donaldson*, of Chanute, for the appellant.

*Thomas C. Forbes* and *Harold G. Forbes*, both of Eureka, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: The Gridley rural high-school district No. 2, of Coffey county, brought this action against the board of county commissioners of Woodson county to recover tuition for certain pupils residing in Woodson county who attended the Gridley rural high school. The trial resulted in a judgment for plaintiff, and defendant appeals.

The petition alleged that both Coffey and Woodson counties were operating under the Barnes high-school law. In the first count plaintiff demanded judgment in the sum of $936, for tuition for students for the school year 1934-1935; in the second count a like amount for the school year of 1935-1936, and in the third count the sum of $1,296 for the school year 1936-1937.

The petition alleged that the pupils resided in a community in Woodson county remote from a high school, and in which there were not a sufficient number of pupils of high-school advancement to organize and maintain another high school; that the pupils were entitled to entrance to the high school; that due to the remoteness from the high school in Woodson county, and the convenience of plaintiff's high school, each of the pupils presented to plaintiff's board of education an application signed by the county superin-

tendent of Woodson county asking for permission to attend plaintiff's high school, which permission was granted; that the pupils did attend the school year stated; that the rate of tuition was fixed by the county superintendent of Woodson county at two dollars per week for each pupil. It was further alleged that at the end of each school year plaintiff presented to defendant a claim for tuition duly recommended by the county superintendent of Coffey county as provided by G. S. 1935, 72-3014.

A demurrer to the petition was overruled.

The amended answer of defendant, after a general denial, stated:

"Third: For further answer defendant alleges that at all the times mentioned in plaintiff's petition, and in particular at the times when plaintiff alleges that the county superintendent of public instruction of Woodson county executed. the documents set out in the exhibits attached to plaintiff's petition, the defendant did not have in its general fund any moneys, credits or funds available for the payment of the claims set out in plaintiff's petition, and that by reason of the foregoing and by virtue of the laws of the state of Kansas and in particular of the provisions of R. [G.] S. 1935, 10-1101 to 10-1122, inclusive, and especially by virtue of sections 10-1113, 10-1114, 10-1115 and 10-1119, any alleged action of the county superintendent of public instruction of Woodson county or of any other county official creating or purporting to create any liability against the defendant and in favor of the plaintiff was and is null and void and of no force or effect whatever."

Plaintiff filed a reply in the form of a general denial, and on these issues the case was tried to a jury.

Defendant filed a demurrer to plaintiff's evidence, which was overruled. Plaintiff filed a motion for a directed verdict, which was sustained.

Defendant assigns as error the failure to sustain defendant's demurrer to the petition, the demurrer to plaintiff's evidence, and failure to give a directed verdict in favor of defendant because plaintiff failed to plead and prove compliance with the requirements of G. S. 1935, 72-3806.

From the record it was clear that plaintiff had not complied with the provisions of section 72-3806. On oral argument it was conceded by appellee that if section 72-3806 applies, the evidence is insufficient to sustain the judgment. A serious doubt having arisen as to whether section 72-3806 was applicable, the case was set down for further argument. Supplemental briefs were filed and the case was again argued by counsel.

Section 72-3806 was section 1 of chapter 239 of the Laws of 1929.

The act was entitled: "An act relating to the payment of tuition of certain pupils attending high schools in counties other than of their residence."

Section 72-3807, being section 2 of chapter 239 of the Laws of 1929, was held unconstitutional by this court in *School Districts v. Stafford County Comm'rs*, 141 Kan. 108, 40 P. 2d 334.

Section 72-3806 provides:

"Any pupil or pupils desiring to attend a high school located in any county adjacent to the county of the residence of such pupil or pupils because it is nearest his residence, or more easily accessible than an accredited high school in his county, or for other valid reasons shall first make application for permission so to do. If such pupil or pupils reside in a common-school district maintaining an accredited high school, and in which there is a city of the first or second .class, said application shall be made to the board of education of such district. All other applications shall be made to the county superintendent. If such application be approved, consent to such attendance shall be endorsed in writing on said application with the reason or reasons therefor stated therein. Such application and consent shall then be presented by the pupil or pupils to the governing body of the high-school district which said pupil or pupils desire to attend, for its approval or rejection. If approved, the approval shall be endorsed upon the original application and consent, and such application, consent and approval shall be filed with the clerk of the high-school district wherein such pupil or pupils reside, or if said pupil or pupils do not reside in a high-school district, then with the county clerk: *Provided*, That if such approval is not given by the county superintendent, then the parent or parents of pupils desiring to attend high school in an adjoining county may appeal from the decision of the county superintendent to the state superintendent, whose decision shall be final as to whether the reasons given are sufficient."

The plaintiff, the Gridley rural high school, contends that section 72-3806 completely changes and modifies the requirements of the pupil as set forth in section 72-3014—the section upon which the action is based—and that section 72-3806 is unconstitutional and void. It is asserted that since section 72-3807 was found to violate the constitution, section 72-3806 has no office to perform; that the latter section, standing alone, provides no means for the payment of tuition, providing only for the procedure to be followed in making the application.

We are unable to agree with these contentions. Sections 72-3013 and 72-3014 contain provisions with reference to the payment of tuition of certain pupils who choose to attend high school in a district within the county other than the district of their residence, or in an adjoining county. The section first named was enacted

in 1905 and the latter in 1923. In the case of *Byers Rural High School v. Stafford County Comm'rs,* 121 Kan. 287, 246 Pac. 681, the constitutionality of the latter section was upheld and the section held to be merely a broadening and supplementing of the prior section. Section 72-3806, G. S. 1935, being section 1 of chapter 239, Laws of 1929, is plainly intended to provide uniform procedure in the case of all pupils desiring to attend high school *in a county adjacent* to their residence, and the question presented is whether the procedure set up in said section 72-3806 must be complied with. Compliance may be avoided only upon the ground that section 72-3806 is invalid. Two principal grounds are urged in support of the contention that the section is invalid. The first is that the section necessarily falls because of the decision holding 72-3807 invalid, in the case of *School Districts v. Stafford County Comm'rs,* 141 Kan. 108, 40 P. 2d 334. The second contention is that it substantially amends prior enactments and is in violation of section 16, article 2 of the state constitution, which requires that "no law shall be revived or amended, unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed."

The first contention is based upon the argument that section 1 (72-3806) and section 2 (72-3807) of chapter 239, Laws of 1929, constitute a unit, that they are inseparable and that it cannot reasonably be said that the legislature would have enacted the former section independent of the second section, which has been declared unconstitutional. We cannot agree with that contention. The title of the bill which became chapter 239, Laws of 1929, is a broad one and reads as follows: "An act relating to the payment of tuition of certain pupils attending high schools in counties other than that of their residence." Section 2 (72-3807) was declared invalid on the ground that it attempted to make fundamental changes in the tuition provisions of the Barnes act, without complying with the provisions of section 16, article 2 of the constitution. It provided that the tuition should be paid "from the high-school fund of said county," instead of from the "general fund" of the county as provided in the Barnes act, and it further provided that "the county commissioners" should allow and pay the tuition, while the Barnes act provides that payment should be made by the "county treasurer." It also contained provisions relative to the amount of tuition to be paid which may in certain instances be inconsistent with the

corresponding provision in the Barnes act. In other words, section 2 attempted to provide the amount of tuition to be paid, the fund from which it should be paid and by whom it should be paid. Such provisions were plainly contradictory or amendatory of the provisions of the Barnes law and hence the act did not comply with the constitutional requirement heretofore stated. An examination of section 1 of the 1929 act reveals that it deals entirely with procedural matters. It was plainly intended to establish a state-wide procedure to be followed by those desiring to secure approval to attend high schools in an adjoining county, and it makes no distinction as to whether or not either the county of residence or the adjoining county is operating under the Barnes act. Section 1 depends in no way for interpretation of meaning or intent upon the provisions of section 2, which was held invalid. The two sections are plainly separable. Section 1 comes clearly within the broad title of the act. Certainly its provisions which provide procedure for pupils who desire to attend in another county and have their tuition paid by the home county are within the title, "An act relating to the payment of tuition of certain pupils," etc. The contention that it must fall with section 2 cannot be sustained.

The second contention is that section 1 (72-3806) must be invalidated on the same ground on which the invalidity of section 2 was based, namely, violation of the constitutional provision, *supra*. The question is whether 72-3806 is merely supplementary to the prior enactments of 72-3013 and 72-3014, or whether its terms would so modify or amend those sections as to render them no longer operative in their entirety. Indulgence of the presumption of validity places the burden of proof upon those who advance the latter interpretation.

It was plainly the intention of the legislature in section 72-3806 to establish a uniform procedure—as heretofore stated—and the desirability of doing so is apparent. The section provides in substance that where such individual pupil desires to attend high school in the adjoining county because it is nearest his residence or more easily accessible than an accredited school in his own county, or for other valid reasons, he shall first make application to the board of education in his own district, if that district is one in which there is a city of the first or second class, and in all other cases to the county superintendent; that if approved the application shall be forwarded with the consent endorsed thereon to the governing body

of the high-school district which he desires to attend, and if approved by such governing body the original application with the consent and the approval endorsed thereon shall be filed with the clerk of the high-school district where he resides, or if he does not reside in the high-school district then with the county clerk. It was the plain intention of the section not only to provide the method or procedure, but to make sure that the approved application would be filed and made available for the information of the authorities in the county of residence. The importance of filing in the home county is evident. The authorities of the home county, which is to be charged with payment of the tuition, are entitled to know in advance what burden is thus to be imposed, in order that provision may be made to meet it. Incidentally, it is contended that the provision heretofore referred to which requires consent of the school board of the home district in cases where the pupil resides in a common-school district maintaining an accredited high school and in which there is a city of the first or second class, is inoperative because no such situation exists, since there are no cases of first- or second-class cities "within common-school districts." If that be true, it simply makes that provision of the section surplusage and in no way invalidates the section.

The question still remains as to whether the provisions of 72-3806, as heretofore outlined, amend the provisions of 72-3013 or 72-3014. Stating it in another way, do the provisions of section 72-3806 nullify or render inoperative sections 72-3013 or 72-3014?

Sections 72-3013 and 72-3014 are part of the Barnes law. The Barnes law, which becomes operative in a county upon adoption at an election held for that purpose, provides financial assistance to high schools of the county out of a fund created by a general levy upon all the property of the county. Section 72-3013 provides that tuition shall be free to all pupils residing in the county upon presentation of entrance certificate signed by the county superintendent certifying to their qualifications for admission, and provides that where communities in the county are remote or not convenient of access to a high school in the county and there are not a sufficient number of pupils properly qualified to organize and maintain another high school, the county commissioners shall, upon "recommendation of the county superintendent," pay the tuition of pupils from such community in the high school most convenient to the community of their residence, either within the county or within the

adjacent county. Is there anything about those provisions which is necessarily made inoperative by the provisions of 72-3806? We think not. It will be noted that section 72-3013 says nothing about the filing of an application by any individual pupil in order to impose a liability upon the county for payment of tuition. After the enactment of 72-3806, as before its enactment, if there is a community in a Barnes-law county which is remote or not convenient of access to a high school already in operation and does not have enough pupils to justify a high school of its own, and the county superintendent so "recommends," the county must pay the tuition of such community's pupils in a convenient high school within the county or the adjacent county. In case the county superintendent has not so recommended and any qualified pupil desires to attend in an adjoining county, he may make formal application and follow the procedure set out in 72-3806. That section gives him a clear method in which to proceed, and if the application is approved the home county is given due notice of the burden they must meet in paying his tuition. The county authorities do have such a notice in all those cases where the county superintendent has "recommended" that tuition be paid under the provisions of 72-3013 or 72-3014. What has been said about section 72-3013 in its relation to section 72-3806 applies with equal force to section 72-3014. Section 72-3014 is not nullified or made useless by the provisions of section 72-3806. But it is contended that if section 72-3806 be held valid, its provisions would be futile, because there would then be no lawful way in which the county could pay the tuition. The argument is that the earlier statutes which deal with payment by the county make such payment contingent upon recommendation or approval by the county superintendent, and if the county superintendent does not approve and if upon appeal the state superintendent reverses him, there would still be no approval by the county superintendent and therefore no compliance with the statute. We regard such contention as hypertechnical. Approval by the state superintendent, in case of appeal, would be tantamount to direction to the county superintendent to approve the application.

The view we have expressed is strengthened when we examine the legislative history of chapter 239. As stated, that chapter was enacted at the 1929 session of the legislature. An examination of the journals of the Senate and House of that session reveals that a number of bills proposing amendments to sections 72-3013 and 72-3014 urer." It also contained provisions relative to the amount of tuition

were introduced and considered by the legislature. Senate bill No. 111 was a proposed amendment of section 72-3013; House bill No. 487 was a proposed amendment to section 72-3014; and House bills Nos. 472 and 525 proposed amendments to both of these sections. None of these bills was passed. From a study of the journals it is clear the legislature gave careful consideration to procedural requirements covered by the former sections 72-3013 and 72-3014, and that it was the legislative intent to supplement those sections by a state-wide procedure to embrace cross-county-line tuition cases.

As the evidence on the part of the plaintiff failed to show a compliance with the requirements of section 72-3806, the judgment must be reversed and the cause remanded with instructions to enter judgment for defendant. It is so ordered.

THIELE, J. (concurring specially): I concur generally in the foregoing opinion, but believe it should be supplemented to show that upon the original submission and argument of the cause there was controversy whether G. S. 1935, 72-3806, and the failure of the plaintiff to comply therewith were called to the trial court's attention. Without going into detail as to what the record shows and does not show, and the arguments and contentions of the parties thereon, it will suffice here to say this court concluded that whether the above statute was applicable and whether it had been complied with was sufficiently brought to the attention of the trial court. It ordered the particular question, and also the effect of the cash-basis law, be reargued.

Conceding the question was not properly raised in the trial court, and that this court erred in concluding that it had been, would not end the matter, as I see it. There is no doubt the general rule is that questions not raised below will not be considered on appeal. (See cases West's Kansas Digest, Appeal and Error, §§ 169 to 174; Hatcher's Kansas Digest, Appeal and Error, § 304 et seq.) An exception may exist in that questions of a general public nature affecting the interest of the state at large may be determined by the appellate court without having been raised in the trial court. (4 C. J. S. [App. and Error], p. 485.)

The question of high-school tuition and of the right of a pupil to attend a high school in a county other than that of his residence is of a general public nature in this state, and the decisions of the courts in respect thereto are the guideposts by which school authorities and county commissioners find their way in determining

liability for, and paying of, tuition where the statutes so provide. To have ignored any of the statutes mentioned in the opinion would have led to a wrong result and to a public detriment. A correct determination as to liability could not be reached without considering G. S. 1935, 72-3806. It is more important that a correct conclusion be reached than that a rule of appellate practice, which possibly might apply, be followed.

HARVEY, WEDELL and HOCH, JJ., join in this specially concurring opinion.

ALLEN, J. (dissenting): The appendix to the Kansas School Laws, 1937, issued by the state superintendent, shows that on that date there were forty counties operating under the Barnes act, twenty-three counties operating under the community high-school law, and that thirty-nine counties were designated as tuition counties.

The statutes provide different rates for high-school tuition. In all counties operating under the provisions of sections 72-3801, 72-3802 and 79-1960, commonly known as "tuition counties," the rate of tuition is three dollars per week. The rate of tuition in counties operating under the Barnes law, as provided by sections 72-3013 and 72-3014, is two dollars per week. A rate of two dollars per week also applies in the counties operating under the community high-school law. See section 72-2505.

Such appears to have been the state of the law in 1929, when chapter 239 of the Laws of 1929 was enacted. Sections 1 and 2 of chapter 239 appear in G. S. 1935 as sections 72-3806 and 72-3807 under the caption "Equalization of Tuition."

The title to the act reads: "An act relating to the payment of tuition of certain pupils attending high school in counties other than that of their residence."

Section 16, article 2, of the constitution of Kansas, provides:

"No bill shall contain more than one subject, which shall be clearly expressed in its title, and no law shall be revived or amended, unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed."

What was the subject of the bill as expressed in the title? The only subject mentioned is the payment of tuition. Is there a word or syllable in the title of the act that would suggest to any member of the legislature that the procedural steps set forth in section 72-3806 were up for consideration? I find none. As the procedural re-

quirements set forth in the section are not referred to in the title, it is submitted that the section is void under the constitutional provision that requires the subject to be clearly expressed in the title.

Section 72-3806 provides that "Any pupil or pupils desiring to attend a high school located in any county adjacent to the county of the residence of such pupil or pupils" shall make an application, etc. The language of the section is broad enough to cover students whether in a Barnes law county or any other county. If valid, it would strike down a part of the procedural steps required in section 72-3014 and substitute the requirements in section 72-3806. Thus it must be either an amendment or an out-and-out repeal of 72-3014. No contention is made that it repeals that section. Is it a valid amendment? Clearly it does not comply with the amendment clause in the provision of the constitution above quoted.

May section 72-3806 be classed as supplemental legislation?

In 59 C. J. 873 it is stated:

"Supplemental legislation complete in itself and not requiring reference to any other law to determine its scope and meaning, which usually consists in the addition of a section or sections to existing statutes, and the effect of which is not to change in any way the provisions of the latter, but merely to extend the operation thereof to other subjects, give additional power to enforce its provisions, or to provide for conditions not covered thereby, is not amendatory legislation within the prohibition of constitutional provisions which forbid amendment by reference to title only, and require the act or statute amended to be set out at length, or which provide that no act shall be passed which shall provide that any existing law, or any part thereof, shall be made, or deemed a part of the act, or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act. . . ."

In *Byers Rural High School v. Stafford County Comm'rs,* 121 Kan. 287, 246 Pac. 681, it was held that section 72-3014 was a broadening of the provisions of 72-3013. The new provisions in 72-3014 were not in derogation of any of the provisions in 72-3013. The later section was in harmony with the prior section; its effect, therefore, was merely to extend the operation of 72-3013 to other subjects. It was supplemental and not amendatory legislation.

Here we are confronted with a very different situation. Section 72-3806 by its terms applies to "any pupil or pupils" in "any county" who attends a high school in a county adjacent to the county of the residence of such pupil. It is therefore in direct conflict with the requirements in 72-3013 and 72-3014 as to cross-county-line students. It strikes down those requirements—sets out new

specifications. The majority opinion is the final proof of that fact. It is submitted that 72-3806 must operate, if it operates at all, as an amendment to the former sections—and being an amendment, it is void. (See Annotation, 67 A. L. R. 564.)

Another point deserves attention. As stated, chapter 239 embraced two sections, now appearing in the statute as sections 72-3806 and 72-3807. These were related sections, and while yoked together, set forth a workable legislative plan. The latter section referred to the Barnes act and specified the manner in which the tuition should be paid. As this section was held void, does the remaining part of the enactment stand? Under the rule announced in *Smith v. Haney*, 73 Kan. 506, 85 Pac. 550, can it be said that the legislature would have passed 72-3806 independently of 72-3807? If the purpose of the act was the equalization of tuition, as stated in the statute, the first section standing alone is meaningless.

The record shows that both Coffey and Woodson counties operate under the Barnes law. Section 72-3807 abrogated the method of paying tuition as provided in the Barnes law, and since that section is invalid, and section 72-3806 is to be sustained, what provision is there for the payment of tuition of pupils situated as those in the instant case?

The question is one of vital importance in the administration of the school system of the state. Since section 72-3807 was held unconstitutional, it seems that the state superintendent of public instruction has not attempted to enforce the provisions of section 72-3806. (See Circular 104 McC., Department of Education.) The apparent conflict in the provisions in sections 72-3014 and 72-3806 would seem to justify this administrative ruling.

But there is still another reason why the judgment should be affirmed. Plaintiff's action was based on section 72-3014—the answer of the defendant was that defendant did not have in its general fund any money credits or funds available for the payment of the claims alleged, and further pleaded the cash-basis statutes. Compliance with section 72-3806 was not an issue in the case. The trial judge gave an oral decision set out in the record, and that section was not mentioned or discussed. The record fails to show that this question was presented or considered by the trial court.

Section 72-3806 was first invoked on appeal. *Tabula in naufragio.* Ordinarily only matters presented to a trial court for decision are reviewable on appeal. (*Koshka v. Railroad Co.*, 114 Kan. 126, 217

Pac. 293; *Tucker v. Raney,* 145 Kan. 256, 65 P. 2d 329.) No reason has been suggested why this settled rule should not be applied in this case.

The legislative history of chapter 239, as set forth in the opinion of the court, shows the legislature has steadfastly refused to repeal section 72-3014. As the evidence showed that plaintiff had complied with that section, I think the judgment should be affirmed.

SMITH, J., joins in this dissenting opinion.