No. 45,041

School District No. R-6, Franklin County, Franklin, Nebraska, *Appellant*, v. The Board of County Commissioners, Smith County, Kansas, *Appellee*.

(441 P. 2d 875)

Opinion filed June 8, 1968.

*Lowell F. Hahn*, of Phillipsburg, argued the cause, and *Frank Hahn*, also of Phillipsburg, was with him on the brief for the appellant.

*W. R. Lutz*, County Attorney, and *T. D. Relihan*, of Smith Center, were on the brief for the appellee. *A. W. Relihan* and *Terry E. Relihan*, of Smith Center, of counsel.

The opinion of the court was delivered by

Schroeder, J.: This is an action by a School District in the state of Nebraska to recover money against the Board of County Commissioners of Smith County, Kansas, for the tuition of four students from Smith County who attended its high school in the school year 1964-1965.

The trial court determined the matter on a motion for summary judgment in favor of the defendant and appeal has been duly perfected.

The primary question presented is whether there has been a sufficient compliance with K. S. A. 72-5707 (since repealed) to authorize recovery for tuition.

Briefly stated, the facts are that four students from Smith County, Kansas, attended the 1964-1965 school year in Franklin, Nebraska, pursuant to approval evidenced by certificates of registration issued in June, 1964, by the Smith County superintendent of schools. Although K. S. A. 72-5707 requires pupils desiring to attend a high school in an adjoining state to first make written application to their county superintendent, it is admitted that only oral applications were made by the students herein. The claim for tuition due the plaintiff school district was filed with Smith County in June, 1965, after the close of the school year, but payment has not been made. No levy or budget for high school out-of-state tuition was made by Smith County for the year 1965, because the high school tuition law authorizing such levy was repealed, effective May 1, 1965.

In addition to the basic facts above indicated, School District No. R-6, Franklin County, Franklin, Nebraska, (plaintiff-appellant) in its petition seeking recovery against the Board of County Commissioners, Smith County, Kansas, (defendant-appellee) alleged that by virtue of a reciprocal agreement by and between the schools of the states of Nebraska and Kansas, as authorized by the statutes of said states, the defendant was obligated to pay the plaintiff the sum of $3.00 per day on the basis of $15 per week for each day of attendance for each student authorized to attend the plaintiff's school.

The petition named the four students attending the plaintiff's school and attached an exhibit itemizing the account, alleging that a tuition claim in accordance therewith was filed with the county superintendent of schools of Smith County, Kansas, on or about the 9th day of June, 1965, and:

". . . That such procedure has been followed for many years immediately preceding the filing of the claim in question and payments thereof made under authority of Article 57 entitled High School Finance and Tuition, being K. S. A. 72-5701 *et seq.*, which laws were still in force and effect at the beginning of the School Year of 1964-1965 and when the students for whom tuition is claimed were certified to attend the schools of the plaintiff for such term.

"4. That the procedure for the payment of such tuition claims is as follows:

"Following the receipt of all the tuition claims by the County Superintendent, in June the County Superintendent prepared a High School Tuition Budget and copies thereof were delivered to the County Clerk and the County Treasurer; the County Clerk prepared a levy on the property in the County and

entered that in the budget prepared in August, and the same was collected on the following tax payments to the County Treasurer; thereafter in the following January, the County Treasurer made the payments to the Schools entitled to receive the tuition payments as shown by the budget prepared by the Superintendent."

The petition then alleged the repeal of the high school finance and tuition law by the Laws of 1965, chapter 402, to take effect on May 1, 1965, which was after the close of the school year for which tuition herein is claimed. The petition concluded:

"7. That the defendant has no funds with which to pay the claim of plaintiff and no authority to levy a tax therefor, unless a judgment be obtained against the said county.

"8. That there is due to the plaintiff from the defendant the sum of Two Thousand One Hundred Sixty Dollars.

"WHEREFORE plaintiff prays for judgment against the defendant in the sum of $2,160 and the costs of this action."

An answer was filed joining issues and demand was made for a jury trial.

While the record presented herein is scant, we think it sufficient to determine the appeal, particularly in view of the position taken by the respective parties.

It appears that after issues were joined, a request for admissions was filed. Thereafter the plaintiff moved for summary judgment. Affidavits were filed disclosing attendance of the students in the state of Nebraska in accordance with the facts heretofore set forth. It further appears from the record the superintendent of schools in Smith County made an affidavit fully disclosing the facts, but counsel for the defendant were instrumental in prevailing upon her to withhold her signature.

The four certificates of registration offered and received at the hearing on the motion for summary judgment and pretrial conference were identical, except for the names of the students. They read:

"CERTIFICATE OF REGISTRATION HIGH SCHOOL ATTENDANCE

"This is to certify that Terry Lee Kirkendall has registered in this office for the purpose of attending Franklin High School, Franklin County, for the school year of 1964-1965. Dated this 23rd day of June, 1964.

Signed CAROL A. KINION
County Superintendent
Smith County.

"Pupil should present this certificate to receiving school.

"G. S. 72-704, Supp. 1955        26-6098—223-L."

The journal entry recites:

". . . it appearing that all material and relevant facts of said controversy had been admitted, it was thereupon agreed that the cause be submitted to the court for a final determination and decision, and each of the parties were given time within which to submit to the court written briefs."

The journal entry recites the trial court found:

". . . that the pupils named and mentioned in the plaintiff's petition, and who attended high school at the plaintiff's high school during the period of time alleged in the petition, did not make written application to the county superintendent of Smith County, Kansas, for permission to attend the high school in plaintiff's district, as required by Section 72-5707, nor was compliance with said Section 72-5707 K. S. A. made in any other respect, and the court finds generally in favor of the defendant and against the plaintiff, and that the plaintiff is not entitled to judgment herein."

The plaintiff concedes this case is governed by K. S. A. 72-5707. In pertinent part it provides:

"Any pupil residing outside the school limits of a city having a population of fifteen thousand (15,000) or more desiring to attend a high school in an adjoining county located in another state because it is nearest his residence or more easily accessible than a high school in his own county, or for other valid reasons, shall first make written application to his county superintendent so to do. The county superintendent shall approve or deny such application within ten days after the same is filed in his office and if he fails to do so within said ten days, the application shall be deemed to be denied. If the county superintendent approves such application, he shall endorse thereon his reasons therefor and file a copy of same with the county treasurer of his county. . . . There shall be paid to the high-school district where such pupil attends high school, in accordance with sections 2 [72-5703] and 4 [72-5705] of this act, tuition for the time attended at the rate of not to exceed that which would be paid under the laws of the adjoining state for any pupil resident therein attending high school in this state: . . ."

It is readily apparent the foregoing statute requires the student or his parents to do only one act, that is, make a written application. The appellee contends failure to do so is fatal to the appellant's cause of action.

The additional provisions of the statute enjoin upon the county superintendent the duty to approve or deny the application, and if the county superintendent approves the application he must endorse his reasons and file a copy with the county treasurer of his county.

When a pupil in the state of Kansas desires to attend a high school in an adjacent county of this state, the provisions of K. S. A. 72-5706 are applicable. This statute and its predecessors, while

different in several respects from 72-5707, *supra,* have been before this court on several occasions. (*Gridley Rural High-school Dist. v. Woodson County Comm'rs,* 150 Kan. 704, 95 P. 2d 972; *Gridley High School Dist. v. Woodson County Comm'rs,* 155 Kan. 407, 125 P. 2d 383; and *School District v. Clark County Comm'rs,* 155 Kan. 636, 127 P. 2d 418.)

The statute before the court in the first *Gridley* case (150 Kan. 704) was G. S. 1935, 72-3806, which provided in part:

". . . If such application be approved, consent to such attendance shall be endorsed in writing on said application with the reason or reasons therefor stated therein. Such application and consent shall then be presented by the pupil or pupils to the governing body of the high-school district which said pupil or pupils desire to attend, for its approval or rejection. If approved, the approval shall be endorsed upon the original application and consent, and such application, consent and approval shall be filed with the clerk of the high-school district wherein such pupil or pupils reside, or if said pupil or pupils do not reside in a high-school district, then with the county clerk: . . ."

In that opinion the court said the importance of filing in the home county was evident; that "The authorities of the home county, which is [are] to be charged with payment of the tuition, are entitled to know in advance what burden is thus to be imposed, in order that provision may be made to meet it." (p. 709.) There it was held the plaintiff could not recover on the ground that the evidence failed to show the requirements of the statute had been met. The briefs on file in the state library disclose the facts to be that the adjacent county district failed to return to the home district the application with the consent and approval of the adjacent district thereon.

Under 72-5707, *supra,* the same basic purpose is apparent—to allow the home district to know in advance what burden is to be imposed, in order that provisions may be made to meet such burden.

Here the fact that oral applications were filed with the Smith County superintendent, who then prepared the certificates of registration approving the out-of-state pupil attendance, constitutes notice to the county of the burden to be imposed upon it. Certainly it is not within the province of the children attending the high school in an adjacent county in Nebraska, or their parents, to inquire if the technical requirements of the statute have been met and followed by the officials over whom they have no control. A county should not be allowed to defeat a claim because of the lack of diligence of its own officials in following the applicable

statutes. The adjacent district in Nebraska was entitled to rely upon the certificates of registration from Smith County, which were presented to it by the children who were resident in Smith County. The defense that the claim of the plaintiff herein must fail simply because there was no written application is hypertechnical. In *School District v. Clark County Comm'rs,* supra, it was held the time prescribed by the statute within which to file approved applications with the county clerk was not mandatory but directory only, where the practical importance—that the taxing authority should know in advance what burden of tuition charges it must assume—was stressed. In the first *Gridley* case (150 Kan. 704) the court said:

". . . That section [72-3806] gives him [the student] a clear method in which to proceed, and if the application is approved the home county is given due notice of the burden they must meet in paying his tuition. The county authorities do have such a notice in all those cases where the county superintendent has 'recommended' that tuition be paid under the provisions of 72-3013 or 72-3014. . . ." (p. 710.)

It is to be noted sections 72-3013 and 72-3014, above referred to, require only that the student apply to the county superintendent, and not that the application be made to the home district and forwarded to the adjacent district for return by the adjacent district to the home district after approved. These sections were similar to K. S. A. 72-5707 presently before the court. Section 72-5707 requires only that the student make application to the county superintendent.

Notice to the county superintendent of the district in which the pupils reside is notice to the county where the students reside. Under the provisions of K. S. A. 72-5703 the county superintendent was obligated on or before the 25th day of July in each year to certify to the county commissioners, the county clerk and the county treasurer the total amount of money all the high schools entitled to participate under the provisions of the act were entitled to receive from such county, plus the total amount necessary to pay the tuition for students residing in that part of the county subject to the tax authorized by the act *who attended* high schools in adjoining counties or *states.*

It has been held when the interpretation of a statute, not penal in nature, according to the exact and literal import of its words would contravene the manifest purpose of the legislature in its enactment, it should be construed according to its *spirit* and reason, disregarding so far as may be necessary, the strict letter of the law.

(*Clark v. Murray*, 141 Kan. 533, 41 P. 2d 1042; *Higgins v. Cardinal Manufacturing Co.*, 188 Kan. 11, 360 P. 2d 456; *Wolf v. Mutual Benefit Health & Accident Association*, 188 Kan. 694, 366 P. 2d 219; and *Barten v. Turkey Creek Watershed Joint District No. 32*, 200 Kan. 489, 501, 438 P. 2d 732.)

It is a fundamental rule of statutory construction, to which all others are subordinate, that the purpose or intent of the legislature governs when that intent can be ascertained from the statute, even though words, phrases or clauses at some place in the statute must be omitted or inserted. (*Hunziker v. School District*, 153 Kan. 102, 109 P. 2d 115; *Wolf v. Mutual Benefit Health & Accident Association*, supra; and *Willmeth v. Harris*, 195 Kan. 322, 326, 403 P. 2d 973.)

If an adjacent school district, on the facts in the instant case, felt uncertain concerning the payment of tuition for students attending from an adjoining district where they were resident, the school district would probably decide not to accept such students in the future. Neither the county of the pupils' residence nor the school district refusing to accept the students would be penalized, but the students surely would be. Certainly this was not the intent of the legislature.

In the instant case each of the students was instructed by a statement on his certificate of registration issued by the Smith County superintendent of schools to "present this certificate to receiving school." Once this was done, the receiving school should be entitled to rely upon the fact that all necessary requirements had been met in Smith County, and that the tuition claim would be paid when presented in June after the close of the school year. It would be unconscionable to permit a county to defeat its just obligation to pay the tuition of students attending school in an adjacent district on the ground that its own officials did not properly perform their duties.

We hold the provision in 72-5707, *supra*, that "written application" be made by the pupil to the county superintendent to attend high school in an adjacent district in another state, is not a mandatory requirement but directory only. Oral application on the facts in this case was sufficient.

The appellee contends no provision was made in the budget for the payment of the tuition in question, nor was any levy ever made for the raising of funds for such purpose. It is said the general find-

ing of the trial court for the appellee constituted a determination by the court that the county had no right to pay the alleged claim of the appellant under the cash-basis and budget laws. (Citing, *Gridley High School Dist. v. Woodson County Comm'rs*, 155 Kan. 407, 125 P. 2d 383.)

The appellee urged upon the trial court that no money had been budgeted by the county to pay this item.

The procedure in this matter is governed by the high school finance and tuition act. (K. S. A. 72-5701, *et seq.*, subsequently repealed by the Laws of 1965, chapter 402.)

An examination of the sections of this act will reveal that the county superintendent was charged with the duty to prepare a tuition budget for students who *attended* (K. S. A. 72-5703, and see, K. S. A. 72-5707)—not those who *might* attend—school in the preceding year, and to certify the budget to the county clerk, county treasurer and county commissioners who are obligated to make a levy to pay it. Here the claim was filed on the 9th day of June, 1965, and the county budgets are prepared in August. Therefore, the county treasurer should have paid the high school on January 20, 1966. (K. S. A. 72-5705 [*a*].) The fact that the appellee has not done so does not relieve it of the duty to reimburse the appellant.

In this connection see K. S. A. 19-108 which authorizes county commissioners to levy and collect a tax sufficient to pay a judgment rendered against the Board of County Commissioners in an action prosecuted against it.

On the facts in the instant case, the repeal of the statute authorizing the payment of tuition claims, after such tuition has been earned, does not relieve the appellee from the payment of such tuition claims created and incurred while the statute was in force. Under K. S. A. 77-201, *First*, the repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed.

Under the foregoing statute the right of the appellant to recover tuition, which it acquired under and by virtue of K. S. A. 72-5707, is valid. (*Tivis v. Hulsey*, 146 Kan. 851, 73 P. 2d 1111.)

If *Gridley High School Dist. v. Woodson County Comm'rs*, 155 Kan. 407, 125 P. 2d 383, on the facts there confronting the court, be construed inconsistent with our decision herein, it is disapproved.

The judgment of the lower court is reversed with directions to enter judgment for the appellant.