(750 P.2d 422)

No. 60,507

CITIZENS STATE BANK OF GRAINFIELD, KANSAS, *Appellee*, v. ANNA KAISER, *Appellant*.

Petition for review denied May 4, 1988.

Opinion filed February 25, 1988.

*Caleb Boone*, of Hays, for the appellant.

*Harold T. McCubbin*, of Harold T. McCubbin, Chartered, of Norton, for the appellee.

*Anne L. Baker*, of Eidson, Lewis, Porter & Haynes, of Topeka, for *amicus curiae* Kansas Bankers Association.

Before ABBOTT, C.J., DAVIS, J. and DANIEL L. HEBERT, District Judge, assigned.

DAVIS, J.: Anna Kaiser appeals from the district court's ruling that her disclaimer of interest in joint tenancy accounts does not relate back to the date of her sister's death and defeat the interest that her judgment creditor, Citizens State Bank of Grainfield (Citizens State Bank), had acquired through garnishment.

On February 6, 1986, Citizens State Bank filed a petition seeking judgment against Anna and Carl Kaiser for the unpaid balance on a promissory note and foreclosure of a mortgage on the Kaisers' homestead. The Kaisers did not answer, and on May 13, 1986, the court entered judgment against them and foreclosed the mortgage.

Anna Kaiser's sister, Barbara Ochs, died testate on May 12, 1986. LeRoy Hartman and Mary Zerr were appointed co-executors of the estate. Prior to her death, Barbara Ochs had established joint tenancy accounts at Peoples Heritage Federal Savings and Loan Association (Peoples Heritage) in the names of herself and her two sisters, Mary Zerr and Anna Kaiser.

Citizens State Bank initiated two garnishment actions to collect the judgment against Carl and Anna Kaiser. Peoples Heritage was served with an order of garnishment on September 10, 1986. In an amended answer filed on September 22, 1986, it responded as follows:

"We show the following accounts held in joint tenancy in the name of: Barbara Ochs or Mary M. Zerr or Anna Kaiser as Joint Tenants;
SC 19-0-4738 $20,000.00
SC 19-0-6840 $ 6,000.00
SC 19-0-5248 $28,000.00"

On September 22, 1986, the clerk of the district court issued an order of garnishment to Hartman and Zerr, as co-executors of the estate of Barbara Ochs. In an answer filed on September 30, Hartman and Zerr acknowledged that they held funds to which Anna Kaiser might be entitled as a legatee of the estate, but claimed a setoff of $12,800 for a debt owed the estate by the Kaisers. Citizens State Bank denied priority of the $12,800 claim in a reply filed on October 6.

The Kaisers filed no reply to either the answer of Peoples Heritage or the answer of Hartman and Zerr. On October 6, 1986, the Kaisers filed a "Motion to Stay Garnishment and Sale of Mortgage Real Estate." They requested the court to stay garnishment of the estate and sale of the mortgaged real estate until it determined the applicability of the Family Farm Rehabilitation Act, K.S.A. 1986 Supp. 2-3401 *et seq.* (The Kansas Supreme Court declared the Family Farm Rehabilitation Act unconstitutional on February 18, 1987. See *Federal Land Bank of Wichita v. Bott*, 240 Kan. 624, 732 P.2d 710 [1987].)

On October 29, 1986, the district court ordered Peoples Heritage to pay $27,000 plus accrued interest (one-half of the amount of the accounts) to the clerk of the district court and ordered the clerk to disburse the funds to Citizens State Bank.

On October 30, 1986, the Kaisers filed a motion to vacate the October 29 order on the ground that their October 6 motion to stay garnishment was still pending.

At a hearing on December 3, 1986, Anna Kaiser presented the court with a "Motion to File Reply to Answer of Garnishee Out of Time." In a proposed reply to the answers of Peoples Heritage and Hartman and Zerr, Kaiser asserted that she had disclaimed her interest in the joint tenancy accounts. During argument counsel indicated Kaiser's intention to disclaim her interest in the estate as well. Kaiser argued that the disclaimers relate back to the date of her sister's death pursuant to K.S.A. 59-2293(a) and, therefore, that she never had interests in the accounts or in the estate subject to garnishment. The disclaimer of interest in the accounts was filed in the District Court of Gove County, where the matter of Barbara Ochs' estate was pending, on December 4, 1986. The disclaimer of interest in the estate was filed a few weeks later, on December 30.

After hearing arguments on December 3, the court (1) denied the "Motion to File Reply to Answer of Garnishee Out of Time" because Anna Kaiser had not shown excusable neglect; (2) denied the October 6 "Motion to Stay Garnishment and Sale of Mortgage Real Estate"; (3) stayed garnishment of the estate pending determination of the effect of Kaiser's disclaimer of interest and directed Hartman and Zerr not to dispose of or to

distribute any interest Kaiser might have in the estate pending further order; (4) denied the October 30 motion to vacate; and (5) ordered that the October 29 order be executed "insofar as it orders the payment of the amount held by [Peoples Heritage] to the Clerk of the District Court" and that the clerk retain the funds in an interest-bearing account pending further order. The court granted Kaiser's request to brief the disclaimer issue and scheduled arguments for January 7, 1987. A journal entry reflecting the court's rulings was filed on December 16, 1986.

On January 7, 1987, the court heard arguments on the impact of the disclaimers. In a journal entry filed on January 27, 1987, the court concluded that "the disclaimers filed by Anna Kaiser were not legally effective by relation back to the date of death of Barbara Ochs to preclude the interest of the plaintiff [Citizens State Bank] acquired by garnishment." The court directed the clerk of the court to pay to Citizens State Bank the funds previously paid into court by Peoples Heritage, unless Kaiser filed a timely supersedeas bond and notice of appeal, and ordered Hartman and Zerr to pay Anna Kaiser's share of Barbara Ochs' estate into court at the time of distribution.

Anna Kaiser filed a notice of appeal on February 6, 1987. On February 12, 1987, after Kaiser had failed to post a timely supersedeas bond, the court directed the clerk to pay the funds deposited by Peoples Heritage to Citizens State Bank. The record does not show that Kaiser's share of Barbara Ochs' estate has been paid into court or that the court has adjudicated the estate's claim to setoff.

Kaiser contends that her disclaimers "relate back for all purposes to the date of death of the decedent," K.S.A. 59-2293(a), and defeat any interests that Citizens State Bank had acquired through garnishment. Before we discuss this contention, we must address two threshold issues raised by Citizens State Bank.

First, Citizens State Bank contends that the court lacks jurisdiction because Kaiser failed to file a notice of appeal within thirty days of the entry of judgment on October 29, 1986, as required by K.S.A. 60-2103(a).

The October 29 order was final and started the time for appeal. See *Brown v. Tubbs*, 2 Kan. App. 2d 522, 582 P.2d 1165 (1978). Although Kaiser did not file a notice of appeal from the October

29 order, she did file a motion to vacate on October 30. The motion to vacate was, in effect, a motion to alter or amend the judgment, K.S.A. 60-259(f), and terminated the running of the time for appeal. K.S.A. 60-2103(a); see *Andres v. Claassen*, 238 Kan. 732, 737, 714 P.2d 963 (1986); *Caplinger v. Carter*, 9 Kan. App. 2d 287, 290, 676 P.2d 1300, *rev denied* 235 Kan. 1041 (1984).

On December 3, 1986, the district court denied Kaiser's motion to vacate, as well as her motion to reply to the answers of the garnishees out of time. The court, however, reserved a final ruling on Kaiser's attack on the October 29 order until it could consider the effect of the disclaimer, ordering that in the meantime funds held by Peoples Heritage be paid into court and invested by the clerk. The court resolved the disclaimer issue on January 7 and on January 27 entered an order directing the clerk of the court to pay the funds to Citizens State Bank. Kaiser filed a timely notice of appeal from the January 27 journal entry.

In her brief on appeal, Kaiser did not request that we reverse the January 27 order requiring Hartman and Zerr to pay her share of Barbara Ochs' estate into court at the time of distribution. On September 29, 1987, after the parties had submitted briefs, Kaiser filed a motion to amend her prayer for relief on appeal to include the order to Hartman and Zerr.

After reviewing the record, we conclude that Kaiser's motion to amend her prayer for relief must be denied. Although in its January 27, 1987, journal entry the court ordered Hartman and Zerr to pay Kaiser's share of Barbara Ochs' estate into court at the time of distribution, it did not adjudicate the rights of Citizens State Bank and the estate to the proceeds. The estate's claim to setoff remained pending on February 6 when Kaiser filed her notice of appeal. The portion of the court's January 27 journal entry ordering Hartman and Zerr to pay Kaiser's share of the estate into court did not fix "the rights and liabilities of all the parties," K.S.A. 60-721(a), and, therefore, did not constitute a final, appealable judgment.

As a second threshold issue, Citizens State Bank contends that Kaiser is not the real party in interest because she (1) has not been precluded from disclaiming her interest in the joint tenancy accounts but only from controlling the disposition of the

funds, and, thus, has not been injured and (2) has no interest in the accounts due to her disclaimer.

Contrary to the assertion of the bank, the effect of the district court's ruling is to bar Kaiser from disclaiming her interest in the accounts. The bank could garnish the accounts to satisfy its judgment against Kaiser only to the extent that she had an interest in them. "The real party in interest is the person who possesses the right sought to be enforced, and is not necessarily the person who ultimately benefits from the recovery." *O'Donnell v. Fletcher,* 9 Kan. App. 2d 491, 492, 681 P.2d 1074 (1984) (citing *Swanston v. McConnell Air Force Base Fed'l Cred. Union,* 8 Kan. App. 2d 538, 543, 661 P.2d 826 [1983]). Because Kaiser's right to disclaim her interest in the accounts is implicated by the district court's ruling, she is a real party in interest to this appeal. Moreover, Citizens State Bank waived any objection to Kaiser's participation in the suit by failing to raise the issue below. 9 Kan. App. 2d at 494.

Kaiser contends that pursuant to K.S.A. 59-2293(a) her disclaimer of interest in the accounts relates back to May 12, 1986, the date of Barbara Ochs' death, and, therefore, that she had no interest in the accounts subject to garnishment.

Citizens State Bank and the Kansas Bankers Association (KBA), which filed an *amicus* brief, contend that the disposition of the accounts in the garnishment proceedings bars Kaiser's right to disclaim her interest in them. K.S.A. 59-2293(b) provides as follows:

"Any conveyance of or contract to convey real property or any interest therein, any assignment or transfer of or contract to assign or transfer personal property, any written waiver of the right to disclaim the taking of or power over real or personal property or *any sale or other disposition of real or personal property pursuant to judicial process by a person attempting to disclaim* the taking of or power over property bars the right of such person to disclaim as to the power, property or interest." (Emphasis added.)

Citizens State Bank and the KBA argue that the garnishment of the accounts effected a "disposition of . . . personal property pursuant to judicial process" and, therefore, barred Kaiser's right to disclaim. Kaiser contends that a "sale or other disposition . . . pursuant to judicial process" bars the right to disclaim only when undertaken *"by a person attempting to disclaim."*

She argues that the garnishment did not bar her right to disclaim because it was commenced by Citizens State Bank, not by her.

Citizens State Bank and the KBA acknowledge that the garnishment proceedings were not initiated by "a person attempting to disclaim," but argue that the legislature did not intend to limit the bar to a sale or other disposition pursuant to judicial process undertaken by the person attempting to disclaim. Citizens State Bank and the KBA argue that the construction advocated by Kaiser is not supported by the legislative history and is contrary to legislative intent. We agree.

The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs; the court must give effect to the legislature's intent "even though words, phrases or clauses at some place in the statute must be omitted or inserted." *Lakeside Village Improvement Dist. v. Jefferson County*, 237 Kan. 106, 114, 697 P.2d 1286 (1985) (citing *School District v. Board of County Commissioners*, 201 Kan. 434, 440, 441 P.2d 875 [1968]). In determining legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. *In re Petition of City of Moran*, 238 Kan. 513, 520, 713 P.2d 451 (1986); *Jackson v. City of Kansas City*, 235 Kan. 278, 319, 680 P.2d 877 (1984). Ordinarily, courts presume that by changing the language of a statute the legislature intends to change its effect. This presumption, however, may be strong or weak according to the circumstances, and may be wanting altogether in a particular case. *Board of Education of U.S.D. 512 v. Vic Regnier Builders, Inc.*, 231 Kan. 731, 736, 648 P.2d 1143 (1982); *Confinement Specialists, Inc. v. Schlatter*, 6 Kan. App. 2d 1, 626 P.2d 223, *rev. denied* 229 Kan. 669 (1981).

Prior to 1980 the right to disclaim was limited to property or interests passing to "[a]ny heir, next of kin, devisee, legatee, person succeeding to a disclaimed interest, beneficiary under a testamentary instrument or any person designated to take pursuant to a power of appointment exercised by or under a testamentary instrument." K.S.A. 59-2291 (Weeks).

In 1980 the legislature expanded the types of property and interests that may be disclaimed:

"(a) A person or the personal representative of a person may disclaim in whole, or in part or in an undivided part any real or personal property, or interest therein or power thereover, passing upon death of another to such person as: (1) Heir; (2) next of kin; (3) devisee; (4) legatee; (5) a person succeeding to a disclaimed interest; (6) beneficiary under a testamentary trust; (7) beneficiary under an insurance policy; (8) joint owner with a right of survivorship in real or personal property, to the extent the survivor may take more than the survivor's equitable portion of the property; (9) a person named to take on the death of another person; (10) donee of a power of appointment; (11) beneficiary under the terms of an *inter vivos* trust; or (12) a person designated to take pursuant to a power of appointment exercised by or under a testamentary instrument." K.S.A. 1987 Supp. 59-2291(a).

In conjunction with the expansion of the types of property and interests subject to disclaimer, the legislature amended K.S.A. 59-2293 (Weeks). Prior to amendment the statute provided in part as follows:

"Any conveyance of or contract to convey real property or any interest therein, or assignment or transfer of or contract to assign or transfer personal property, or written waiver of the right to disclaim the succession to real or personal property *made by an heir, next of kin, devisee, legatee, person succeeding to a disclaimed interest, beneficiary or person designated to take pursuant to a power of appointment exercised by or under testamentary instrument, or any sale or other disposition of real or personal property pursuant to judicial process* made before the expiration of the period in which he or she may disclaim as herein provided bars the right to disclaim as to the property or interest." (Emphasis added.)

As part of the amendment the legislature omitted the words "made by an heir, next of kin, devisee, legatee, person succeeding to a disclaimed interest, beneficiary or person designated to take pursuant to a power of appointment exercised by or under testamentary instrument." The legislature added the words "by a person attempting to disclaim," after "any sale or other disposition of real or personal property pursuant to judicial process."

The changes in 59-2293 were proposed by John Kuether, a professor at Washburn Law School. He explained the reasons for the changes in a January 22, 1980, letter to Representative Kent Roth, which is attached to the March 18, 1980, minutes of the Senate Committee on the Judiciary:

"Change 4. The deleting of the words 'made by an heir, next of kin, devisee,

legatee, person succeeding to a disclaimed interest, beneficiary or person designated to take pursuant to a power of appointment exercised by or under testamentary instrument' in line _____, and the insertion in line _____, toward the end of the paragraph, of the phrase, 'made *"by one attempting to disclaim"'* before the expiration of the period in which he or she may disclaim" *is to simplify the statute by not listing again all the types of property interests* which might be disclaimed. The alternative is to repeat from K.S.A. § 59-2291 all the additional types of property over which disclaimer may be exercised in K.S.A. 59-2993 again. It is simpler to say that K.S.A. § 59-2293, paragraph 2, simply provides that certain types of dealing with the property after receiving the right to the property, but before an attempted disclaimer, will defeat the right to disclaim. This is because dealing with the property is inconsistent with claiming no interest in the property, interest or power over the property." (Emphasis added.)

As Professor Kuether's comments indicate, the amendment was intended to simplify the statute and to reflect the changes made in 59-2291. Significantly, Professor Kuether's comments do not suggest any intent to change the circumstances in which the right to disclaim is barred.

K.S.A. 59-2293 (Weeks) barred a person's right to disclaim in three sets of circumstances. First, "[a]ny conveyance of or contract to convey real property or any interest therein, or assignment or transfer of or contract to assign or transfer personal property" *estopped* the person from disclaiming. Second, the right to disclaim could be *waived* in writing. Third, any sale or other disposition of the property pursuant to judicial process *disposed* of the person's interest in the property and barred the right to disclaim. The latter provision was intended to protect the interests of persons, including creditors, who acquire property by sale or other disposition pursuant to judicial process prior to disclaimer.

We do not think that the legislature intended to abrogate the protection given to holders of property acquired pursuant to judicial process when it amended 59-2293 in 1980. As Professor Kuether's comments indicate, the thrust of the amendment was simplification, not dramatic substantive change.

The construction urged by Kaiser would render the provision virtually meaningless. Rarely does a person undertake to sell or to dispose of his or her own property pursuant to judicial process. Moreover, voluntary dispositions of property are covered in the first part of K.S.A. 59-2293(b). We do not believe that the legis-

lature intended to restrict "any sale or other disposition of real or personal property pursuant to judicial process" to a voluntary disposition of property by the person attempting to disclaim.

Considering the legislative history of K.S.A. 59-2293(b), the purpose to be accomplished by the 1980 amendment, and the effect the statute would have under the construction suggested by Kaiser, we conclude that the placement of "by a person attempting to disclaim" after "any sale or other disposition of real or personal property pursuant to judicial process" was not intended to change the circumstances in which the right to disclaim is barred.

We hold that a sale or other disposition of real or personal property pursuant to judicial process bars the right to disclaim the property, whether the sale or other disposition was sought by the person attempting to disclaim or by another party. K.S.A. 59-2293(b).

Kaiser failed to reply to Peoples Heritage's answer, which alleged that she possessed an interest in the joint tenancy accounts. Therefore, Kaiser's interest in the accounts is deemed to be confessed. K.S.A. 60-718(c). On October 29, 1986, the trial court entered judgment pursuant to K.S.A. 60-721(a), fixing the rights and liabilities of all parties to the accounts. At the time Kaiser attempted to disclaim, her interest in the accounts had been disposed of "pursuant to judicial process" and her right to disclaim was barred. The trial court correctly concluded that Kaiser's disclaimer did not defeat the interest in the accounts acquired by Citizens State Bank in the garnishment proceedings.

Finally, Kaiser contends that the district court abused its discretion by denying her December 3 motion to file a reply out of time to the answer of Peoples Heritage. The record contains no evidence that Kaiser's failure to reply was the result of excusable neglect. K.S.A. 60-206(b)(2). The district court did not abuse its discretion by denying the motion.

Affirmed.