Gary Denning Salina City Prosecutor 104 E. Iron P.O. Box 2237 Salina, Kansas 67402-2237
Dear Mr. Denning:
As city prosecutor you are charged with revising the domestic violence policy for the Salina police department pursuant to K.S.A. 1992 Supp.22-2307 which requires that all law enforcement agencies adopt such policies. Your query concerns subsection (b)(1) which states:
 "(b) Such written policies shall include, but not be limited to, the following:
 "(1) A statement directing that the officers shall make an arrest when they have probable cause to believe that a crime is being committed or has been committed. This statement shall include K.S.A. 22-2401
and amendments thereto, which allows an officer to make an arrest;"
K.S.A. 22-2401 makes an arrest for a misdemeanor discretionary on the part of the officer when the following factors are present: (1) when the officer has probable cause to believe that: (a) the person will not be apprehended or evidence of the crime will be irretrievably lost unless the person is immediately arrested; (b) the person may cause injury to self or others or damage to property unless immediately arrested; or (c) the person has intentionally inflicted bodily harm to a person. You cite situations where a man or woman in a domestic dispute will shove the other and there appears to the officer to be no injury or likelihood of further violence. Your question is whether K.S.A. 1992 Supp. 22-2307
mandates an arrest in a domestic violence situation when the factors listed above are not present.
In determining what the legislature intended in passing K.S.A. 1992 Supp. 22-2307, courts are not limited to mere consideration of statutory language but may look to the purpose to be accomplished by the statute.Citizens State Bank of Grainfield v. Kaiser, 12 Kan. App. 2d 530 (1988). There is no doubt that the legislature intended to remove the discretion of the law enforcement officer in making the determination whether to make an arrest in a domestic violence situation where there is probable cause to believe a crime has been committed. Testimony from this office before the house judiciary committee indicated that victims of domestic violence who call for help from law enforcement agencies are treated differently than other crime victims because the officers do not arrest the perpetrator. Minutes, House Judiciary Committee, March 29, 1991, Attachment II. This office advocated guidelines which would provide officers with an across the board application based on the status of the crime involved and not the status of the crime participants. Testifying in opposition to the mandatory arrest policy was the Kansas Association of Counties and the Kansas League of Municipalities who were fearful of potential liability for law enforcement officers if their discretionary abilities were removed. Minutes, House Judiciary Committee, March 29, 1991, Attachment IV and V. (See A.G. Opinion No. 92-34).
The House Judiciary Committee voted to amend the bill by deleting the mandatory arrest provision and substituting a provision which restored the discretionary ability of the officer to arrest. The bill passed the house as amended, however, a joint conference committee restored the original language which is now found at subsection (b)(1). Senate Journal, April 13, 1991, p. 713.
It is apparent that the two sentences in subsection (b)(1) conflict with each other since the first sentence mandates an arrest and the second sentence appears to make an arrest discretionary. When a statute is susceptible to more than one construction, it must be construed to give expression to its intent and purpose though such construction is not within the strict literal interpretation of the statute. Farmers Coopv. Kansas Board of Tax Appeals, 236 Kan. 632 (1985). When the interpretation of one section of an act according to the exact literal import of its words would contravene the manifest purpose of the legislation, the entire act should be construed according to its spirit and reason disregarding so far as may be necessary the strict letter of the law. State v. Dumler, 221 Kan. 386 (1977). With these principles in mind, it is the opinion of this office that in light of the legislative intent to make arrest mandatory where the officer has probable cause to believe a crime has been committed, it is this intent which must prevail. Therefore, in a domestic violence situation where an officer has probable cause to believe that a crime has been committed, the officer must arrest the perpetrator and the provisions of K.S.A. 22-2401 will not apply in such a situation.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm