Delton M. Gilliland Osage County Counselor P.O. Box 250 Lyndon, Kansas 66451-0250
Dear Mr. Gilliland:
As County Counselor for Osage County, you ask our opinion on whether a joint city and township fire department organized pursuant to K.S.A.80-1501 (Gulick 1953) may reorganize under K.S.A. 1996 Supp. 12-3910 et seq. You state that in 1955 the City of Burlingame, Dragoon Township and Burlingame Township formed a consolidated fire department pursuant to K.S.A.80-1501 (Gulilck 1953) which has been operated as a joint fire department since its creation. You also state that neither of the townships has otherwise organized or operated a fire district or department. You indicate that it is now the desire of the three governing bodies to reorganize as a fire district under K.S.A. 1996 Supp. 12-3910 et seq.
K.S.A. 1996 Supp 12-3910 et seq. provides for the consolidation of fire districts and fire departments and states in part:
 "The provisions of this act shall apply to any fire district created by a county under chapter 19 of the Kansas Statutes Annotated, to any fire district created by a township under chapter 80 of the Kansas Statutes Annotated, to any fire district created under chapter 31 of the Kansas Statutes Annotated, and to any fire department created by the governing body of a city." K.S.A. 1996 Supp. 12-3910.
 "Upon the request of the governing body of two or more fire districts or departments, the board of county commissioners of any county, by resolution, may provide for the consolidation of fire districts and may include within the newly created district any area not currently being provided fire protection." K.S.A. 1996 Supp. 12-3911. (Emphasis added.)
In order to determine if this act applies to the reorganization of an existing joint fire department, we must examine the intent of the legislature in passing this act.
 "The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs. . . . In determining legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested." Citizens State Bank of Grainfield v. Kaiser, 12 Kan. App. 2d 530, 536 (1988), rev. denied 243 Kan. 777 (1988).
The legislative history reveals only one public hearing on this act with only one person testifying at that hearing. The minutes of the House committee on local government for January 23, 1996, include the testimony of Jim Coder, assistant attorney general from the Kansas State Fire Marshal's office, who helped draft this legislation. Mr. Coder's testimony enumerates 22 different Kansas statutes which have been utilized to form 690 fire departments and districts throughout the state. He goes on to state that "[w]ith one major exception, these 25 statutory provisions do not provide for any method of consolidation. The one exception [K.S.A. 19-3611] is extremely restrictive and burdensome and there is some legal question whether that provision is able to be utilized in any fire department formed under another statutory provision." The testimony elaborates on the problems involved in consolidating fire departments under K.S.A. 19-3611
and concludes, "[w]e are simply wanting to provide a simplified method to allow consolidation when all parties involved desire it."
The minutes state that after a brief discussion following Mr. Coder's testimony, the committee amended the bill to change the deadline date for consolidation to July 1 "to be consistent with 19-3606." The committee then passed a motion "to add a Repealer of the old statute 19-3611" before passing the bill out favorably as amended.
The clear language of K.S.A. 1996 Supp. 12-3911, together with the brief legislative history, indicate that this act was intended to provide a simplified mechanism for the consolidation of two or more fire districts or departments. Although the joint fire department in Osage County involves a city and two townships, those governmental units have already formed one joint fire department. It is our opinion that K.S.A. 1996 Supp. 12-3910et seq. do not contemplate nor provide for the reorganization of an existing joint fire district.
You also ask our opinion on two additional questions concerning procedures under the 1996 act. Because those questions are pertinent only if the 1996 act applies to reorganization of the joint fire district in Osage County we do not address those additional questions in this opinion.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm