No. 58,654

ROBERT MCDOWELL and BARBARA MCDOWELL, *Appellees*, v. CITY OF TOPEKA, KANSAS, *Appellant*.

(718 P.2d 1308)

Opinion filed May 2, 1986.

*Richard E. Jones*, deputy city attorney, argued the cause and *Mark S. Braun*, legal intern, was with him on the briefs for appellant.

*John R. Hamilton*, of Hamilton & Hannah, of Topeka, argued the cause, and *Patrick B. Augustine*, of Calkins, Kramer, Grimshaw, & Harring, of Denver, Colorado, was with him on the brief as special counsel, for appellees.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the City of Topeka from an order of the district court declaring two annexation ordinances of the city invalid. The facts were stipulated by the parties and will be summarized herein.

Plaintiffs Robert and Barbara McDowell are the owners of approximately 60 acres of unplatted land lying generally south and west of 31st Street and Wanamaker Road in Shawnee County. For convenience, the following map from the briefs of the parties showing the area in question is reproduced.

SKETCH ~ SHOWING AREA PROPOSED FOR ANNEXATION

Appendix 1

Mr. and Mrs. McDowell own the areas marked A and C, which are the subject of the two annexation ordinances, along with what we have chosen to designate as area D, which is not involved in this action. Area B does not belong to the McDowells and is not a part of this appeal. By referring to the map it appears that the existing city limits run east along the north boundary of the McDowell property at approximately 31st Street, then south along Wanamaker Road to the Shunga Creek and then easterly along the creek. In November, 1984, the City, proceeding under the authority of K.S.A. 12-519 *et seq.*, adopted an ordinance annexing area A and in December 1984 adopted an ordinance seeking to annex area C. Area A contains 20 acres and area C 24.34 acres. The appellees did not consent to the annexation of any of their property and, in fact, actively opposed it. Area A was sought to be annexed under K.S.A. 12-520(e) and area C under K.S.A. 12-520(d). The parties concede that the validity of the area C ordinance is dependent upon the validity of the area A ordi-

nance and therefore we will confine our discussion to area A. Following the adoption of the two annexation ordinances, appellees filed this action pursuant to K.S.A. 12-520, challenging the authority of the City to annex the properties and, after a hearing, the district court found both ordinances invalid. This appeal by the City followed.

K.S.A. 12-520 provides in pertinent part:

"Except as otherwise hereinafter provided, the governing body of any city may by ordinance annex land to such city if any one or more of the following conditions exist:

. . . .

(d) The land lies within or mainly within the city and has a common perimeter with the city boundary line of more than fifty percent (50%).

(e) The land if annexed will make the city boundary line straight or harmonious and some part thereof adjoins the city, except no land in excess of twenty (20) acres shall be annexed for this purpose.

. . . .

No unplatted tract of land of fifty-five (55) acres or more which is used only for agricultural purposes shall be annexed by any city under the authority of this section without the written consent of the owner thereof."

K.S.A. 12-519 defines certain terms used in the statutes and provides in part:

"(a) 'Tract' means a single unit of real property under one ownership, outside the corporate limits of a city, platted and/or unplatted, title to which is publicly or privately held by an owner as defined by subsection (c) herein.

"(b) 'Land' means a part of a tract or one or more tracts."

At the outset it is noted that the record before this court leaves much to be desired. The entire record consists of the pleadings, orders and briefs in the trial court and a transcript of the proceedings consisting of 21 pages. Six pages of the transcript consist of the testimony of Mr. McDowell detailing his use of the property for agricultural purposes. Four pages consist of testimony by the Topeka-Shawnee County Metropolitan Planning Commission planning director identifying the existing zoning classification in the area and voicing his opinion that if Mr. McDowell is boarding horses or has a riding stable, then he is subject to obtaining some sort of permit. The relevancy of this testimony escapes us completely. The remaining eleven pages consist of argument and colloquy between counsel and the court. The briefs repeatedly refer to the "evidence" before the court without identifying any of it and none appears in the record.

The principal argument of the City is that the annexation of

land is a legislative act and if the city fathers, acting under K.S.A. 12-520(e), say that a certain proposed boundary line is straight or harmonious then a court may not review that determination regardless of how crooked the proposed line may be or how lacking in harmony is the result. While the district court agreed that annexation is a legislative procedure, it also found that interpretation of a statute involves a question of law subject to construction by the courts. *McGinnis v. Kansas City Power & Light Co.*, 231 Kan. 672, 678, 647 P.2d 1313 (1982).

The scope of review of an appellate court in considering annexation decisions is stated in *City of Lenexa v. City of Olathe*, 233 Kan. 159, 163, 660 P.2d 1368 (1983):

> "In reviewing an annexation decision by a municipality the function of the court is to determine whether the municipality has statutory authority to act and has acted in accordance with that authority."

The power of a municipality to alter its boundaries by annexation is controlled by statute, and while the City has the discretion to exercise that power, it must be done within the confines of the statutes.

In oral argument before this court, counsel for the City conceded that the proposed annexation of area A did not make the City's boundary lines straight or even straighter. However, counsel did insist that the determination that the proposed boundary lines would be harmonious is a legislative determination not subject to judicial review even when there has been absolutely no showing in this record of what the resulting harmony will be. In *Sabatini v. Jayhawk Construction Co.*, 214 Kan. 408, 413, 520 P.2d 1230 (1974), this court stated:

> "The platting and annexation of land by municipal corporations are legislative functions since municipal corporations are creatures of the legislature exercising only such powers of existence and extension of boundaries as are conferred by the law plus those necessary to make the conferred powers effective. See *State, ex rel., v. City of Overland Park*, 192 Kan. 654, Syl. ¶¶ 1, 2, 391 P.2d 128. In the latter case it is held:
>
> > 'The wisdom, necessity or advisability of annexing territory to cities is not a matter for consideration by the courts. The basic function and duty of the courts is to determine whether a city has statutory authority and whether it has acted thereunder in passing an annexation ordinance.' (Syl. ¶ 3.)
>
> "It is not a proper function for a court to inquire into the reasonableness, wisdom, necessity or advisability of annexing and platting land. In this area of legislative function the judicial duty of the courts is limited to the determination of whether the city was granted the necessary statutory authority to act and, if so, whether it acted within that authority."

While a court cannot consider the advisability of annexation, it can determine whether the city has statutory authority and whether it has acted thereunder in passing an annexation ordinance. K.S.A. 12-520(e) gives municipalities authority to annex land if the annexation makes its boundaries "straight or harmonious" (presumably straighter or more harmonious). The learned trial judge, in his memorandum decision, stated:

"No evidence has been presented by the City which shows that the annexation of 'Area A' was for the purpose of or made the City's boundaries straighter or more harmonious in the normal meaning of the words. Our review of the maps of the area in question, which were made part of the record, does not lead us to the conclusion that the annexation of Area A made any kind of improvement in the boundary lines as envisioned by K.S.A. 12-520(e).

"For the foregoing reasons, the Court finds that K.S.A. 12-520(e) only gives municipalities the authority to annex land to improve or make their boundaries straighter or more harmonious. Since there has been no evidence showing that the annexation of Area A was within the limited power delegated under K.S.A. 12-520(e), the City lacked that statutory authority to annex the property known as 'Area A', and the ordinance annexing the land is invalid. Furthermore, since 'Area A' was not lawfully annexed, the property known as 'Area C' does not qualify for annexation under K.S.A. 12-520(d) and the ordinance annexing that property is also invalid."

We agree with the trial court that there is nothing in this record which would support the conclusion that the annexation of area A would result in making the City's boundaries "straight or harmonious." An examination of the map would indicate a contrary conclusion. We concur that the attempted annexation of area A was invalid.

Appellees also contend that the City did not have the power to annex any portion of their property based upon their lack of consent under K.S.A. 12-520(g) together with the portion of the statute which states:

"No unplatted tract of land of fifty-five (55) acres or more which is used only for agricultural purposes shall be annexed by any city under the authority of this section without the written consent of the owner thereof."

It is their contention that as they own a tract in excess of fifty-five acres, no portion of it may be annexed under any subsection of K.S.A. 12-520 without their consent. Appellees' interpretation of the statute is that the statute should be read as if it stated "No [portion of any] unplatted tract of land, etc. . . . ." The trial court found that the fifty-five acre limitation was no impediment to the

annexation of twenty acres under K.S.A. 12-520(e). In view of our determination that the trial court was correct in finding the ordinance annexing area A invalid as not complying with K.S.A. 12-520(e), and as the City has conceded that in such case the ordinance pertaining to area C is also invalid, we need not reach this issue. Therefore, we make no determination as to the application of the fifty-five acre limitation. However, we do note that the statute may not be entirely clear as to just what was intended by the legislature and suggest that it might be clarified.

The judgment finding both ordinances invalid is affirmed on the basis that the ordinance annexing area A did not meet the requirements of K.S.A. 12-520(e).

LOCKETT, J., not participating.