(779 P.2d 463)

No. 63,028

CEDAR CREEK PROPERTIES, INC., ASH GROVE CEMENT COMPANY, and R.J. ANDERSON, *Appellants*, v. BOARD OF COUNTY COMMISSIONERS, JOHNSON COUNTY, KANSAS, *Appellee*.

Opinion filed September 15, 1989.

*John J. Gardner* and *Steven B. Moore*, of Watson, Ess, Marshall & Enggas, of Olathe, for the appellants Cedar Creek Properties, Inc., and Ash Grove Cement Company.

*John Anderson, Jr.*, of Overland Park, for the appellant R.J. Anderson.

*LeeAnne Hays Gillaspie*, of Johnson County Legal Department, for the appellee Board of County Commissioners, Johnson County, Kansas.

*R. Scott Beeler* and *Albert F. Kuhl*, of Gage & Tucker, of Overland Park, for the appellee-intervenor City of Lenexa, Kansas.

Before BRISCOE, P.J., ELLIOTT and GERNON, JJ.

BRISCOE, J.: This is an annexation case in which Cedar Creek Properties, Inc., and other landowners appeal the decision of the Johnson County Board of County Commissioners (Board) approving annexation of 328 acres by the City of Lenexa (City). The district court dismissed the appeal, finding plaintiffs lacked standing to attack the annexation. We affirm.

The property which is the subject of the annexation is located adjacent to Highway K-10 in Johnson County and is within the area covered by a 1983 agreement between the cities of Lenexa and Olathe as to future annexation by the two cities. Under the agreement, the property is within the area designated for annexation into Lenexa. In September 1987, Holland Corporation, the owner of the acreage, requested a special use permit from the

City to operate a rock quarry on the site. Public hearings on the request began in November 1987. While the request was being considered, the City's extra-territorial zoning authority over the parcel was questioned.

On June 14, 1988, Holland asked the City to annex Holland's 328 acres pursuant to K.S.A. 12-520c, which authorizes a city to annex land not adjoining the city limits (island annexation) upon petition or by consent of the owner of the land. The city commission approved Holland's request on June 16, 1988, and, pursuant to the statute, sent the request to the Board for approval. Counsel for Cedar Creek and the other adjoining landowners appeared and opposed the proposed annexation, arguing the proposed use of the annexed property was relevant to determining what effect the annexation would have on surrounding property. The Board authorized the annexation by a unanimous vote and stated the proposed *use* of the acreage was a consideration for Lenexa's planning commission and city commission in deciding whether to grant a special use permit, and would not be considered by the Board in deciding the annexation request.

Landowners adjoining the acreage filed petitions for judicial review of the Board's decision and the cases were consolidated. The Board filed a motion to dismiss the petition, alleging plaintiffs (the adjoining landowners) lacked standing to appeal the Board's decision. The City, intervening in the action, also filed a motion to dismiss based on the plaintiffs' lack of standing. The district court granted the motions to dismiss.

The controlling issue on appeal—whether plaintiffs lacked standing to challenge the annexation of the acreage—requires interpretation of K.S.A. 12-520c(c), which states in part:

"Any owner or city aggrieved by the decision of the board of county commissioners may appeal from the decision of such board to the district court of the same county in the manner and method set forth in K.S.A. 19-223."

The Board and the City allege Cedar Creek lacks standing under 12-520c(c) to challenge the annexation of the acreage because Cedar Creek does not own property within the annexed area. Cedar Creek argues 12-520c(c) grants any aggrieved landowner the right to challenge annexation under the statute, even if the owner's land is not located in the area to be annexed.

The general purpose of annexation statutes is to protect the rights of landowners against unilateral action by a city in annex-

ing their land. *City of Lenexa v. City of Olathe*, 233 Kan. 159, 164, 660 P.2d 1368 (1983). K.S.A. 12-519 *et seq.* sets forth the annexation procedures available to a city. K.S.A. 12-520c authorizes annexation of land which is not adjoining a city. The statute allows such annexation if (1) the land is in the same county as the city; (2) the owner of the land requests or consents to the annexation; and (3) the board of county commissioners determines the annexation will not hinder or prevent the proper growth and development of the area or any city in the county. A city wishing to annex land under this statute must request the board of county commissioners to make the statutory finding regarding the effect of the proposed annexation on the area and any city in the county. The right to appeal an annexation determination is established by K.S.A. 12-520c(c). The only "owner" referenced in 12-520c prior to this delineation of the parties' appellate rights is *the owner requesting annexation* (12-520c[a]). For Cedar Creek to have standing, therefore, it must be an "owner" under the statute and it must be "aggrieved."

An aggrieved party is one whose legal right is invaded by an act complained of or whose pecuniary interest is directly affected by the order of the board of county commissioners. *Linsea v. Board of Chase County Comm'rs*, 12 Kan. App. 2d 657, 661, 753 P.2d 1292 (1988). This definition was used in *Fairfax Drainage District v. City of Kansas City*, 190 Kan. 308, 314-15, 374 P.2d 35 (1962), in which a drainage district owning property outside the area to be annexed challenged the annexation. The court found the drainage district could not appeal the annexation because the annexation order did not cause the drainage district to be aggrieved.

In the present appeal, Cedar Creek contends the proposed rock quarry will have a direct adverse effect on Cedar Creek's pecuniary interest in its neighboring residential development. Even if this is true, Cedar Creek is not necessarily an aggrieved owner as a result of the annexation decision of the Board. Cedar Creek confuses its anticipated harm from the *use* of the property as a rock quarry with any harm it may suffer from the annexation itself. From the record, it is clear that, if the acreage is annexed, Holland must then obtain a special use permit from the City before it can operate a rock quarry on the site. Owners of land adjoining the Holland acreage can then present their concerns

regarding the *use* of the property when Holland's application for a special use permit is considered and, if a permit is granted, the adjoining landowners can petition for judicial review. See *Sprint Print, Inc. v. City of Overland Park*, 238 Kan. 230, 234, 708 P.2d 210 (1985) (appellate review of city's action on special use permit available under K.S.A. 12-712); *Koppel v. City of Fairway*, 189 Kan. 710, 713-14, 371 P.2d 113 (1962) (owners residing outside city limits had right to protest rezoning). We learned at oral argument that Cedar Creek has since availed itself of this relief.

The parties all stated at oral argument that, since the filing of this appeal, hearings have been held before the city commission to consider whether Holland would be granted a special use permit. Cedar Creek actively participated in these hearings opposing the issuance of the permit. The commission granted Holland's request for the special use permit and Cedar Creek has appealed that decision. That appeal was still pending when this case was argued.

Further, Cedar Creek's allegation of harm is speculative. The harm Cedar Creek alleges is based on *future* residential development on its property. If Holland is unable to obtain a special use permit, then Cedar Creek has demonstrated no harm by the annexation. In addition, Cedar Creek's land is presently agricultural and there is no indication the present use of the adjacent properties (agricultural) would be affected adversely if the special use permit is granted for a rock quarry on the annexed parcel.

Annexation is a legislative action taken by a municipality to increase or alter its boundaries, and judicial review of annexation decisions is limited to whether the city had statutory authority to annex and whether the city acted within the authority granted in the statute. *McDowell v. City of Topeka*, 239 Kan. 263, 266, 718 P.2d 1308 (1986). In *McDowell*, land adjoining the city was annexed and the owners of the annexed land appealed. During the proceedings, there was testimony by the landowner regarding the *use* of his land and testimony by the director of the planning commission as to whether the landowner needed a permit. The court noted this testimony was not relevant to the issue of annexation. 239 Kan. at 265.

Cedar Creek argues that 12-520c(a)(3), requiring the Board to find the proposed annexation will not be detrimental to the area, is indicative of a legislative intent to authorize appeals from

owners of land in the affected areas and not to limit appeals to just the owners of the annexed land. Cedar Creek is reading the word "area" as necessarily encompassing territory beyond the area to be annexed. This argument is not compelling. K.S.A. 12-520c(a)(3) is one of the few times the word "area" is used without modification in the annexation statutes. "Area" is often modified by the phrase "to be annexed." However, land outside the area to be annexed also is modified with specificity. For example, K.S.A. 1988 Supp. 12-521(c) provides an alternative but more detailed annexation procedure under which the board of county commissioners must consider 14 specific items. Two of the listed considerations specifically refer to areas "adjacent" to the area to be annexed:

"(11) effect of the proposed annexation on the city *and other adjacent areas*, including, but not limited to, other cities, fire, sewer and water districts, improvement districts, *townships or industrial districts.*"

"(13) likelihood of significant growth in the area *and in adjacent areas* during the next five years." (Emphasis added.)

Cedar Creek also contends that 12-520c, by using the word "owner" instead of "owner of the land to be annexed," authorizes appeals from owners of land adjacent to the land to be annexed. As we have concluded the annexation did not cause Cedar Creek to be an aggrieved party under the statute, we need not also address whether Cedar Creek is an "owner" pursuant to 12-520c. Cedar Creek was not an aggrieved party and its appeal was not authorized by the statute. The district court was correct in dismissing Cedar Creek's action for lack of standing.

Affirmed.

ELLIOTT, J., dissenting: As I understand the majority's rulings, there can never be judicial review by an aggrieved landowner of an order granting island annexation because the only potential aggrieved owner is the owner requesting annexation. An aggrieved city in the county, of course, may seek review of the order granting annexation.

On the other hand, there would *always* be judicial review of an order *denying* island annexation because the owner requesting the annexation would be definitionally aggrieved.

I would not limit judicial review so narrowly.

In order for island annexation to pass statutory muster under K.S.A. 12-520c, the *owner of the land to be annexed* must either

request the annexation or consent to it. Further, the county commission must find and determine that island annexation will not "hinder or prevent the proper growth and development of the area or that of any other incorporated city located within such county."

It seems to me that, by tying "the area" with "any other . . . city" in the county, the legislature contemplated development concerns *greater than only* the land requested to be annexed. When the above language of K.S.A. 12-520c(a)(3) is read with the language of the judicial review portion of K.S.A. 12-520c(c), I become even more convinced that appellants have standing to pursue judicial review of the granting of the island annexation in the present case.

The judicial review language provides: *"Any* owner or city aggrieved by the decision of the board of county commissioners may appeal from *the decision* of such board to the district court of the same county." (Emphasis added.)

To me, *"any"* owner must mean more than "any owner requesting annexation." In addition, the statute, to me, clearly does *not* limit judicial review to a decision by the county commissioners *denying* island annexation. Yet, that is what the language must be read to mean in order to fit the majority's holding. The statutory language grants judicial review to *any* owner or *any* city within the county which is aggrieved from "the decision" of the county commission.

In other words, by granting review from "the decision of the board of county commissioners," I believe the legislature clearly mandated review from decisions granting annexation as well as from decisions denying annexation.

Annexation can be an important and far-reaching decision by a county commission. To preserve the integrity of judicial review, I would hold that appellants—who are landowners outside the area requesting annexation—*must* be granted standing as "any aggrieved owner" to seek review of "the decision" of the county commission.

I would reverse the trial court and rule that appellants have standing to seek judicial review of the order granting island annexation.