No. 63,028

CEDAR CREEK PROPERTIES, INC., ASH GROVE CEMENT COMPANY, and R. J. ANDERSON, *Appellants,* v. BOARD OF COUNTY COMMISSIONERS, JOHNSON COUNTY, KANSAS, *Appellee.*

(789 P.2d 1170)

Opinion filed April 13, 1990.

*John J. Gardner,* of Watson, Ess, Marshall & Enggas, of Olathe, argued the cause, and *Steven B. Moore,* of the same firm, was with him on the brief for appellants Cedar Creek Properties, Inc., and Ash Grove Cement Company.

*John Anderson, Jr.,* of Overland Park, argued the cause and was on the briefs for appellant R. J. Anderson.

*LeeAnne Hays Gillaspie,* of Johnson County Legal Department, of Olathe, argued the cause and was on the brief for appellee Board of County Commissioners, Johnson County, Kansas.

*R. Scott Beeler,* of Gage and Tucker, of Overland Park, argued the cause, and *Albert F. Kuhl,* of the same firm, was with him on the brief for intervenor-appellee City of Lenexa.

The opinion of the court was delivered by

SIX, J.: This is an "island annexation" case which addresses the issue of standing. The land to be annexed does not adjoin any city. We call upon statutory construction concepts in dealing with this issue of first impression: the interpretation of K.S.A. 12-520c.

The case is before us on a petition for review from the Court of Appeals decision in *Cedar Creek Properties, Inc. v. Board of Johnson County Comm'rs*, 13 Kan. App. 2d 734, 779 P.2d 463 (1989). Plaintiffs Cedar Creek Properties, Inc., Ash Grove Cement Company, and R. J. Anderson (adjoining landowners) petitioned this court to review the decision of the Court of Appeals that determined that adjoining landowners had no standing to appeal the decision of the Johnson County Board of County Commissioners (the Board) that annexation will not hinder or prevent proper growth or development of the area. A divided Court of Appeals held:

"In cases of a proposed annexation of land not adjoining the city, an adjoining owner of the property to be annexed who contests the anticipated use of the property annexed is not aggrieved by the annexation order and, therefore, has no standing pursuant to K.S.A. 12-520c(c) to challenge the proposed annexation. The adjoining owner's remedy lies instead with a challenge of the issuance of the special use permit which must be obtained by the owner of the property annexed prior to commencing the contested use." 13 Kan. App. 2d 734, Syl. ¶ 1.

We granted review to consider the standing issue.

### Facts

The facts are not in dispute. They are summarized as follows:

The property which is the subject of the annexation is located adjacent to Highway K-10 in Johnson County and is within the area covered by a 1983 agreement between the cities of Lenexa and Olathe as to future annexation by the two cities. Under the agreement, the property is designated for annexation by Lenexa. In September 1987, Holland Corporation, the owner of the acreage to be annexed, requested a special use permit from Lenexa to operate a rock quarry on the site. Public hearings on the request began in November 1987. While the request was being considered, Lenexa's extra-territorial zoning authority over the parcel was questioned.

Holland then requested Lenexa to annex the property pursuant to K.S.A. 12-520c, which authorizes a city to annex land not adjoining the city limits upon petition or by consent of the owner of the land. The Lenexa City Commission approved Holland's request and, pursuant to the statute, sent the request to the Board for approval. Counsel for the adjoining landowners ap-

peared and opposed the proposed annexation. The adjoining land-owners argued the proposed use of the annexed property was relevant in determining what effect the annexation would have on the surrounding property. The Board authorized the annexation by a unanimous vote. In the Board's view, the proposed use of the acreage was a consideration for Lenexa's planning commission and city commission in deciding whether to grant a special use permit and should not be considered by the Board in deciding the annexation request.

The adjoining landowners filed petitions for judicial review of the Board's decision and the cases were consolidated. The Board filed a motion to dismiss the petition, alleging the adjoining land-owners lacked standing to appeal the Board's decision. The City of Lenexa, intervening in the action, also filed a motion to dismiss based on the adjoining landowners' lack of standing. The district court granted the motions to dismiss.

The district court stated it was granting the Board's motion to dismiss primarily on a determination that the adjoining landowners lacked standing. Secondarily, the district court noted that it appeared the Board had no zoning jurisdiction. The Board was not obliged to consider such matters.

We need not address those comments here as the zoning issue was not presented in the motion to dismiss granted by the district court.

### Standing

The issue is whether the adjoining landowners have standing under K.S.A. 12-520c(c) to appeal a determination by the Board that the proposed "island annexation" will not hinder or prevent the proper growth and development of the area.

The adjoining landowners' arguments that they have standing are as follows:

(1) They are "owners" as defined by K.S.A. 1989 Supp. 12-519(c), and K.S.A. 12-520c(c) unambiguously says "any" owner aggrieved can appeal.

(2) They are "aggrieved" under the definition of aggrieved party in *Linsea v. Board of Chase County Comm'rs*, 12 Kan. App. 2d 657, 661, 753 P.2d 1292 (1988). *Linsea* noted that a party is aggrieved whose legal right is invaded by an act complained of

or whose pecuniary interest is directly affected by the order. They argue there will be an adverse pecuniary effect upon their land because of the annexation. In addition, the Board refused to consider the proposed use of the land to be annexed and the effect of the annexation upon the proper growth and development in the "area." Because the effect of the annexation on the "area" is a matter which the Board must, but did not, consider, the adjoining landowners are thereby automatically aggrieved.

(3) If the adjoining landowners do not have standing, K.S.A. 12-520c(c) is meaningless because an owner of land who requested annexation is never going to appeal a finding that the annexation is proper. The court needs to interpret the statute to make it meaningful, and it is only meaningful if the adjoining landowners (and others similarly situated) have standing to appeal. Rules of statutory construction would establish that the legislature intended the adjoining landowners to have standing because the legislature is deemed to pass meaningful laws.

The Board and the City of Lenexa contend that the adjoining landowners do not have standing because:

(1) The adjoining landowners are not "owners." The annexation statutes clearly contemplate that "owners" are owners of land that is subject to annexation thereunder and the adjoining landowners do not own property within the annexed area.

(2) The adjoining landowners are not "aggrieved" by the annexation because the adjoining landowners suffer no harm from the annexation itself. Their harm is nothing more than anticipated harm from the eventual "use" of the annexed property, which can be attacked in the special use permit request proceedings. The adjoining landowners also are not "aggrieved" by the Board's failure to consider the proposed "use" of the annexed property. Under K.S.A. 12-520c(a)(3), the Board has to determine "that the annexation of such land will not hinder or prevent the proper growth and development of the area." Proper "growth" refers to uniform, timely, and directional city expansion. It does not mean proper "use."

(3) The judicial review portion of K.S.A. 12-520c(c) is not meaningless. There are at least two instances when such appeals might be taken: (a) when the requesting landowner is denied a right of annexation by the Board of County Commissioners and appeals

that decision in order to achieve annexation; or (b) when the landowner initially consents to such annexation, then later determines that it can no longer accept annexation as proposed and moves to appeal the decision of the Board granting such annexation.

Whether adjoining landowners have standing to appeal under K.S.A. 12-520c(c) is an issue of first impression.

K.S.A. 12-520c(a) states:

"The governing body of any city may by ordinance annex land not adjoining the city if the following conditions exist:

"(1) The land is located within the same county as such city;

"(2) The owner or owners of the land petition for or consent in writing to the annexation of such land; and

"(3) The board of county commissioners of the county find and determine that the annexation of such land will not hinder or prevent *the proper growth and development of the area* or that of any other incorporated city located within such county." (Emphasis added.)

The relevant portion of K.S.A. 12-520c(c) states: "*Any owner or city aggrieved* by the decision of the board of county commissioners may appeal from the decision of such board to the district court of the same county in the manner and method set forth in K.S.A. 19-223." (Emphasis added.)

K.S.A. 19-223 states:

"Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant."

In the present case the adjoining landowners contend they are aggrieved because their property values and development potential will be adversely affected if the annexed property is used for a rock quarry.

K.S.A. 12-520c(a)(3) requires the Board to find and determine that the annexation will not "hinder or prevent the proper growth and development of *the area*." (Emphasis added.) K.S.A. 12-520c(a)(3) presents one of the few times the word "area" is used without modification in the annexation statutes. The adjoining

landowners argue that the K.S.A. 12-520c(a)(3) requirement, that the Board find that the proposed annexation will not be detrimental to the area, is indicative of a legislative intent to allow appeals from owners outside the land to be annexed. The adjoining landowners also argue they are "owners" authorized by the statute to appeal because they own land and K.S.A. 12-520c(c) speaks of "any owner . . . aggrieved." We agree.

The purpose and intent of the legislature governs when the intent can be ascertained from the statute. *Harris Enterprises, Inc. v. Moore,* 241 Kan. 59, Syl. ¶ 1, 734 P.2d 1083 (1987). Words in common usage should be given their natural and ordinary meaning in construing a statute. *City of Lenexa v. City of Olathe,* 233 Kan. 159, 165, 660 P.2d 1368 (1983).

"Any owner aggrieved" means *any* owner aggrieved not something else; the language is unambiguous.

Because K.S.A. 12-520c(a)(3) requires a determination of the effect of annexation upon the "area," and not upon the "area to be annexed" or words of similar limitation, we hold "area" means more than the area proposed to be annexed. The legislature has granted any aggrieved owner in the area of the land proposed to be annexed standing to appeal. The adjoining landowners' property is within "the area" that is subject to the Board's determination as to proper growth and development; consequently, they have standing to seek review of the annexation decision of the Board. To hold otherwise would render the language "any owner aggrieved may appeal" meaningless. There would never be an occasion when an "owner" of the land to be annexed pursuant to K.S.A. 12-520c would be aggrieved by the granting of the annexation.

In 1973, the annexation statutes were reviewed by a special committee of the legislature which made numerous proposals for amendments to those statutes. The proposals were ultimately enacted and became chapter 56 of the 1974 session laws. The committee concluded:

"[T]he Kansas annexation law needs revision. The Committee is of the opinion that the rights of individual property holders should be enhanced in order to bring about more of a balance between the public and private interests. . . .

"For these reasons the Committee submits proposed House bill No. 1623 for consideration and favorable action by the 1974 Legislature. The bill would . . . amend K.S.A. 1973 Supp. 12-519 *et seq.*, in the following ways.

. . . .

"(4) Provides for the annexation of non-contiguous property if the owners of such land petition for such annexation and ·if the board of county commissioners approve such annexation. Non-contiguous annexations are not to be used as a base for further annexations, however, until such time as they become part of the city proper." Kansas Report on Legislative Interim Studies, Part II, Proposal No. 92-Annexation pp. 92-4 through 92-5 (1974).

This concern that noncontiguous annexations should not be used as a base for further annexations until such time as they become a part of the city proper reflects legislative concern for the area outside the boundaries of the proposed island annexation. The concern was enacted into law and became K.S.A. 12-520c(b). We believe K.S.A. 12-520c(b) reflects legislative intent, with regard to island annexations, that the language "proper growth and development of the area" is not limited to the area which is the subject of the proposed annexation.

We, therefore, conclude that the adjoining landowners have standing under K.S.A. 12-520c to appeal the decision by the Board of County Commissioners.

The decision of the Court of Appeals affirming the district court is reversed. The judgment of the district court is reversed, and the case is remanded to the district court for further proceedings.