(798 P.2d 946)
No. 64,573

GARBER ENTERPRISES, INC., *Appellee,* v. CITY OF LAWRENCE, a
Kansas Municipal Corporation, *Appellant.*

—

Opinion
filed July 13, 1990.

*Peter K. Curran,* of Petefish, Curran, Immel & Heeb, of Lawrence, for
appellant.

*M. Dean Burkhead* and *Timothy G. Riling,* of Riling, Burkhead, Fairchild
& Nitcher, Chartered, of Lawrence, for appellee.

Before DAVIS, P.J., GERNON, J., and CARL B. ANDERSON, JR.,
District Judge, assigned.

GERNON, J.: The City of Lawrence appeals a summary judg-
ment ruling entered for Garber Enterprises, Inc. (Garber). Gar-
ber opposed the City's decision to vacate portions of two city
streets in the western part of Lawrence. We affirm.

In 1985 residents of the Western Hills subdivision petitioned
the Lawrence City Commission to vacate 12th and 13th Streets
west of Wagon Wheel Drive. The matter was referred to the

city's planning staff and planning commission. Both opposed the action. The City took no action after the Lawrence City Planning Commission voted 7-2 to oppose it.

The matter came up again in 1987. The City set a hearing date and published a notice of hearing pursuant to K.S.A. 1989 Supp. 12-504. Garber owned all the lots in a subdivision directly west of Wagon Wheel .Drive. Some of Garber's lots touched the streets which were the subject of the vacation hearing.

Garber filed a timely written objection to the proposed action. Once again, the city planning department recommended keeping the streets open. The Lawrence-Douglas County Metropolitan Planning Commission unanimously recommended keeping the streets open. The Lawrence city attorney advised the city commission that Garber had standing to oppose the action, and, therefore, under the language of K.S.A. 1989 Supp. 12-505, had the right to block the action. Nevertheless, the city commission voted 3-2 to vacate portions of the two streets.

Garber sued to block the action. The court made a finding that Garber was a proper party and granted summary judgment. The City of Lawrence appeals.

K.S.A. 1989 Supp. 12-505 states in part, "The petition shall not be granted if a written objection thereto is filed with the city clerk, at the time of or before the hearing, by any owner or adjoining owner who would be a proper party to the petition but has not joined therein."

Proper parties for filing vacation petitions are described in K.S.A. 1989 Supp. 12-504 as "the owner or owners of the lands adjoining on both sides of any street, alley or public reservation such as, but not limited to public easements, dedicated building setback lines, access control, or a part thereof."

Simply stated, if Garber is an owner as defined by K.S.A. 1989 Supp. 12-504, Garber is then empowered to block the action to vacate.

The map below best illustrates the issue:

The right-of-way for streets within Garber's subdivision are 60 feet wide. The rights-of-way in question are 70 feet wide. Garber's land touches on the streets proposed to be vacated at three points: (1) for ten feet at the southeast corner of Lot 1, Block 5; (2) for five feet at the northeast corner of Lot 15, Block 5; and (3) for five feet at the southeast corner of Lot 1, Block 6.

The rules for statutory construction are well known:

"The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs; the court must give effect to the legislature's intent 'even though words, phrases or clauses at some place in the statute must be omitted or inserted.' [Citations omitted.] In determining legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested." *Citizens State Bank of Grainfield v. Kaiser*, 12 Kan. App. 2d 530, 536, 750 P.2d 422, *rev. denied* 243 Kan. 777 (1988).

Further, "[t]he court needs to interpret the statute to make it meaningful, . . . because the legislature is deemed to pass meaningful laws." *Cedar Creek Properties, Inc. v. Board of Johnson County Comm'rs*, 246 Kan. 412, 415, 789 P.2d 1170 (1990).

The legislative history of K.S.A. 1989 Supp. 12-504 is of little assistance. The "both sides of any street" language can be traced to laws enacted in 1905. The power of landowners to block vacation was created in 1967. No Kansas court has passed on the wording of the statute.

The City urges that a narrow meaning of the words "both sides of any street" should be followed. If the City's position is accepted, then the definition in the statute would mean "parallel" sides of the street.

We are persuaded that the City's position is flawed. The district court analyzed the City's position as follows:

" 'Both sides' become blurred in a semicircle. But no one would seriously argue a street could be abandoned without giving the people in a cul-de-sac at the end of that street the right to stop it by written objection.

"A dead-end street would add a third side, but again, the owner of a lot at the stub of the dead end would not logically be excluded from the right to stop the vacation of the street by written objection, given the obvious purpose of the statute. I do not see a significant difference in a street boundary that scribes a semicircle and one that makes a right angle turn.

I also note with approval Garber's reductio ad absurdum argument in his brief.

"Given the clear purpose of the statute and given the fact that Garber's land does touch or lie upon the street proposed for vacation, the use of the words 'both sides' does not reflect any intent to take away the right of an adjoining landowner to protest. Indeed, as one looks at Exhibit A, the offsets appear to be on both sides of 12th Street and on one side of 13th Street."

In *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987), our Supreme Court held:

"In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible."

To determine the intent of the legislature, this court may look to the problem the statute tried to remedy or the object it tried to obtain. *Duggan v. Navart*, 198 Kan. 637, 639, 426 P.2d 153 (1967). We conclude the statute was intended to give veto power to any property holder significantly affected by the vacation of an adjacent street.

We conclude that Garber, for the purposes of K.S.A. 12-504, is an owner of adjoining land who is entitled to halt vacation proceedings. Further, Garber properly filed its written objection, and, therefore, the trial court's ruling is correct.

Affirmed.