(825 P.2d 1160)
No. 65,945

KEEN A. UMBEHR, d/b/a Solid Waste Systems, *Appellant*, v. BOARD OF COUNTY COMMISSIONERS OF WABAUNSEE COUNTY, KANSAS, *Appellee*.

Opinion filed February 14, 1992.

*Brenda J. Bell*, of Everett, Seaton, Miller & Bell, of Manhattan, for the appellant.

*William L. Frost*, of Morrison, Frost and Olsen, of Manhattan, for the appellee.

Before DAVIS, P.J., PIERRON, J., and R. DAVID LAMAR, District Judge, assigned.

DAVIS, J.: Keen A. Umbehr appeals the dismissal of his petition for declaratory judgment and injunctive relief, which contested the reasonableness of the decision of the Board of Wabaunsee County Commissioners (Board) to increase county landfill user rates. The court held that Umbehr's right of appeal was governed by K.S.A. 19-223, which requires action within 30 days of the Board's decision. Because Umbehr did not perfect his appeal

within that period of time, the court dismissed his action. We reverse and remand for further hearing.

Keen A. Umbehr is a trash hauler doing business as Solid Waste Systems. He provides residential trash pickup service for six towns and hauls solid waste for a number of commercial customers. He hauls approximately 90% of the commercial trash to the Wabaunsee County landfill.

Umbehr has had a contract with the Board for trash dumping since 1986. He is charged for dumping 600 yards of trash per month at the prevailing rate regardless of the amount actually dumped.

On March 29, 1990, the Board voted to increase the rates for pickups with sideboards and two-wheel trailers with sideboards from $3 to $4. The rate for dump trucks and compactor trucks was increased from $2 per yard to $4 per yard. The rate for cars, pickups, and pickups with two-wheel trailers was not increased.

The county also voted to receive 25% of the fees from the dump trucks and compactor trucks to pay for expenses that had been paid out of the general fund and for future expenses, including the establishment of groundwater monitoring wells and engineering consulting fees.

The new rates were to be effective June 1, 1990. Umbehr testified that his user rate under the new schedule would increase from $1,200 per month to $2,400 per month. He also testified that it takes 60 to 120 days to obtain an approval for an increase in residential rates from each of the towns he serves.

Umbehr filed a notice of appeal with the Wabaunsee County Clerk on May 16, 1990, and on June 1, 1990, filed the present petition for declaratory judgment and application for a restraining order. Upon hearing, the court held in its August 8, 1990, memorandum decision that because the Board's actions were legislative in nature, "the issue of the reasonableness of the Board's action in adopting the new rate schedule is a proper subject for determination by declaratory judgment under the facts." The court granted a temporary injunction until factual support was produced upon which the court could determine the reasonableness of the rate increase.

In a supplemental memorandum decision on August 24, 1990, the court held that the Board's action in adopting the rate increase

was unreasonable and arbitrary. However, on October 1, 1990, pursuant to a request from the Board, the court dismissed Umbehr's case because he had failed to file an appeal from the rate increase within 30 days as required by K.S.A. 19-223. This appeal follows.

The following provisions of K.S.A. 19-223 appear to apply to Umbehr's appeal to the district court:

"Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision."

Umbehr argues that the provisions of this statute apply only to appeals from judicial or quasi-judicial actions of a board, not legislative actions such as an increase in landfill rates.

All parties, the district court, and we agree that the actions of the Board in this case were legislative. See *Gonser v. Board of County Commissioners*, 1 Kan. App. 2d 57, Syl. ¶ 2, 562 P.2d 102 (1977). *Dutoit v. Board of Johnson County Comm'rs*, 233 Kan. 995, 998-99, 667 P.2d 879 (1983), holds that K.S.A. 19-223 does not apply to appeals from legislative decisions by a board of county commissioners:

"K.S.A. 19-223 provides the exclusive method by which a district court may review a judicial or quasi-judicial decision of a board of county commissioners. [Citation omitted.] The statute affords jurisdiction only when a board of county commissioners has engaged in judicial or quasi-judicial action. [Citation omitted.] . . . K.S.A. 19-223 is not applicable when one appeals a legislative-type decision by a board of county commissioners."

While the case of *Linsea v. Board of Chase County Comm'rs*, 12 Kan. App. 2d 657, 753 P.2d 1292, *rev. denied* 243 Kan. 779 (1988), relied upon by the Board, provides some support for its position, we note that on the critical issue we must resolve, *Linsea* provides no direct support. In any event, our Supreme Court has clearly stated that K.S.A. 19-223 is not applicable to appeals from legislative-type decisions. We are duty bound to follow *Dutoit* and conclude that the trial court erred in dismissing Umbehr's petition based upon his failure to comply with the provisions of K.S.A. 19-223.

Both parties rely upon *Brinson v. School District,* 223 Kan. 465, 576 P.2d 602 (1978). We believe that *Brinson* provides a basis for concluding that the district court had jurisdiction over Umbehr's petition for declaratory judgment and injunctive relief. *Brinson* advises that courts have no inherent appellate jurisdiction over official acts of administrative officials or boards except where the legislature has made some statutory provision for judicial review. 223 Kan. 465, Syl. ¶ 2. *Brinson* further advises that we first look to whether there are any special statutes authorizing the appeal. In this case, we have concluded that K.S.A. 19-223, while arguably an applicable special statute, fails to authorize the appeal because of the nature of the legislative-type action taken by the Board. We then look to the provisions of the omnibus statute, K.S.A. 1991 Supp. 60-2101(d). However, the provisions of K.S.A. 1991 Supp. 60-2101(d) are limited to appeals from administrative decisions of boards that exercise judicial or quasi-judicial functions. 223 Kan. 465, Syl. ¶ 4. *Brinson* finally advises that

"[i]n the absence of a statutory provision for appellate review of an administrative decision no appeal is available but relief from illegal, arbitrary and unreasonable acts of public officials and boards can be obtained by using such equitable remedies as quo warranto, mandamus, or injunction. (State, ex rel. v. Unified School District, 218 Kan. 47, 50, 542 P.2d 664.)" 223 Kan. at 467.

Thus, we are able to conclude that no statutory provision exists for appeal from this legislative-type rate increase action by the Board. However, the district court had jurisdiction to consider the acts of the Board in increasing the rate under Umbehr's equitable action for injunction.

Nevertheless, the Board argues that even if the district court had jurisdiction, it was limited to determining if the Board had statutory authority to raise the landfill user rates and would be unable to consider the reasonableness of the Board's decision. The Board relies on *Cedar Creek Properties, Inc. v. Board of Johnson County Comm'rs,* 249 Kan. 149, 815 P.2d 492 (1991), and *State, ex rel. v. Unified School District,* 218 Kan. 47, 542 P.2d 664 (1975).

The language from *Cedar Creek* relied on by the Board involves the court's discussion of *In re Appeal of City of Lenexa,* 232 Kan.

568, 657 P.2d 47 (1983), and K.S.A. 12-521. In *City of Lenexa,* the court stated:

> "The judicial review of the Board's determination of the *advisability* of the annexation, however, is the review of the legislative function. The duty of the district court, and of this court on appeal, is limited to a determination of whether the Board has the statutory authority to enter the order which it made." 232 Kan. at 576.

The court continued:

> " 'The wisdom, propriety, necessity or advisability of annexing territory to cities is not a matter for consideration by the courts. [Citations omitted.] The basic function and duty of the courts is to determine whether a city has statutory authority and has acted thereunder in passing an annexation ordinance.' " 232 Kan. at 576 (quoting *State, ex rel. v. City of Overland Park,* 192 Kan. 654, 656, 391 P.2d 128 [1964]).

The *Unified School District* court, in discussing what is now 60-2101(d), stated that an administrative agency could not be the ultimate interpreter of the law and that if the agency acted beyond the scope of its powers and no appeal was available, relief could be sought in equity. 218 Kan. at 50. The *Unified School District* court continued by stating that

> " 'the courts are always open to hear meritorious complaints against illegal or oppressive acts of non-judicial public boards and officials, either at the instance of the state or of a private citizen especially aggrieved thereby; but not by appeal where no statute confers a right of appeal. In the absence of a statutory right of appeal, judicial redress for illegal, fraudulent or oppressive official conduct must be invoked through some appropriate extraordinary legal remedy recognized in our practice—injunction, mandamus or quo warranto.' " 218 Kan. at 50.

The court concluded that "[t]he state election board is therefore *not* the final arbiter of [K.S.A. 25-2201(b)], despite its [conclusive and exclusive] language; if the board acts beyond its authority, hence 'illegally,' it is subject to judicial review through a proper action." 218 Kan. at 50.

We conclude that since there is no statutory authority for appeal from the legislative-type action of the Board in this case, the district court had jurisdiction under its equitable powers to consider the reasonableness of the action of the Board in increasing the rate. Umbehr's action for declaratory judgment and injunction was therefore not limited to a determination of whether the Board acted within its statutory authority, but vested the court with

jurisdiction to consider the reasonableness of the Board's action in increasing the landfill user rates.

Reversed and remanded for further hearing.