Clyde D. Graeber, Secretary Kansas Department of Health and Environment 400 S.W. 8th Street, Suite 200 Topeka, Kansas 66603-3930
Dear Secretary Graeber:
You request our opinion regarding certain procedures for records checks for employees of adult care homes and home health agencies. (Note: While the statutes refer to "background checks," in reality what is performed is a records check.) Your questions are the result of statutory changes that became effective on July 1, 2001.
K.S.A. 39-970 prohibits adult care homes from employing persons who have been convicted or adjudicated of certain offenses. K.S.A. 2000 Supp. 65-5117 contains a similar prohibition for home health agencies. To enforce these provisions, the Kansas Department of Health and Environment (KDHE), at the request of an adult care home or home health agency operator, is required to obtain criminal history information from the Kansas Bureau of Investigation (KBI) regarding applicants for employment in adult care homes and home health agencies. That information is then given by KDHE to the requesting operator.
Your first question concerns disclosure of juvenile offender information to operators of adult care homes or home health agencies. New language added to both statutes in the 2001 Session of the Legislature requires as follows:
 "The secretary of health and environment shall not provide each operator requesting information under this section with the juvenile criminal history record information which relates to a person subject to a background check as is provided by K.S.A. 38-1618 and amendments thereto. The secretary shall notify the operator that requested the information, in writing and within three working days of receipt of such information from the Kansas bureau of investigation, whether juvenile criminal history record information received pursuant to this section reveals that the operator would or would not be prohibited by this section from employing the subject of the request for information."[1]
You ask whether KDHE may comply with this provision without violating the confidentiality requirements of the Kansas Juvenile Justice Code.[2] The Juvenile Justice Code establishes the Juvenile Offender Information System as the repository for juvenile offender information collected by juvenile justice agencies and maintained by the KBI.[3]
Information in the Juvenile Offender Information System is confidential and "shall not be disseminated or publicly disclosed in a manner which enables identification of an individual who is a subject of the information" unless allowed by one of the exceptions set forth in K.S.A.38-1618.[4] There is no exception in K.S.A. 38-1618 allowing KDHE to disclose such information. However, there is no way for KDHE to notify an adult care home or home health agency operator of juvenile criminal history that would prohibit the operator from employing a person without identifying the person. Therefore, there is a conflict between this new provision and K.S.A. 38-1618(e).
Statutory construction rules provide that general and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears that the Legislature intended to make the general statute controlling.[5] Further, older statutes are subordinate to new enactments because a newer statute is the latest expression of legislative intent.[6] Because the new provisions of K.S.A. 39-970 and K.S.A. 2000 Supp. 65-5117 apply specifically to juvenile criminal history record information as part of the check necessary for employees of adult care homes and home health agencies, and because those provisions are part of a more recent enactment, we believe those requirements should apply. Thus, in response to your first question, in our opinion, KDHE may comply with the provisions of subsection (f)(4) of K.S.A. 39-970 and K.S.A. 2000 Supp. 65-5117, both as amended, without violating the Juvenile Justice Code confidentiality requirements. However, KDHE is limited to only advising whether the individual in question is eligible for employment with the operator; specifics of the juvenile criminal history record information may not be revealed.
Your next questions concern the specific information required to be given to KDHE by the KBI. K.S.A. 39-970 and K.S.A. 2000 Supp.65-5117, both as amended, contain the following new language:
 "For purposes of this section, the Kansas bureau of investigation shall only report felony convictions, convictions under K.S.A. 21-3437 and 21-3517, and amendments thereto, adjudications of a juvenile offender which if committed by an adult would have been a felony conviction, and adjudications of a juvenile offender for an offense described in K.S.A. 21-3437 and 21-3517, and amendments thereto, to the secretary of health and environment when a background check is requested."[7]
You ask whether the KBI is required by this provision to provide KDHE with a limited criminal history containing only the convictions and adjudications listed. As a follow-up question, you inquire whether the conviction and adjudication information in the subsection quoted above includes arrest and disposition data pertaining to those convictions and adjudications.
The fundamental rule of statutory construction to which all others are subordinate is that the purpose and intent of the Legislature governs when that intent can be ascertained from the statute, even though words or phrases in the statute must be omitted or inserted.[8] Various provisions of a statute must be construed together in an attempt to reconcile and bring them into workable harmony if it is reasonably possible to do so.[9] Further, if a statute is susceptible to more than one interpretation, it should be interpreted, when considered in its entirety, to give expression to its intent and purpose, even if such interpretation is not within the strict literal construction of the statute.[10]
While the above language appears to limit the information solely to convictions and adjudications, other references to criminal history information in the amended statutes are broader. "KDHE shall have access to any criminal history record information in the possession of the Kansas Bureau of Investigation regarding felony convictions" and other specified convictions and adjudications.[11] Operators of adult care homes or home health agencies "shall request from the department of health and environment information regarding only felony convictions" and other convictions and adjudications listed.[12] KDHE "shall provide each operator requesting information under this section with the criminal history record information concerning felony convictions" and other convictions and adjudications enumerated.[13] Another subsection allows KDHE to seek "further confirmation regarding criminal history recordinformation," if necessary, from the court of jurisdiction or the Kansas Department of Corrections.[14] These references to criminal history record information are broad enough to encompass arrest and disposition data pertaining to convictions and adjudications. Additionally, K.S.A.39-970 and K.S.A. 2000 Supp. 65-5117, both as amended, allow employment of an applicant who has been convicted of certain offenses if five or more years have elapsed since the applicant satisfied the sentence or was discharged. Disposition information may be necessary for KDHE to determine whether that condition has been met. Given the clear purpose of these statutes, to determine whether or not an adult care home or home health agency meets the statutory hiring requirements, and reading the various sections of the statutes together to bring them into workable harmony, we opine that the conviction and adjudication information provided by the KBI to KDHE may include arrest and disposition data pertaining to the specified convictions and adjudications.
The above-quoted language also appears to limit what the KBI may provide to KDHE to only conviction information for felonies and the two misdemeanors listed therein. Because operators may now receive from KDHE the criminal history record information that KDHE receives from the KBI (absent juvenile adjudication information),[15] we believe this may have been an attempt by the Legislature to ensure that operators do not receive information that would normally be confidential and unavailable to the public generally. However, KBI regulations provide that "a criminal justice agency may provide any conviction information in its possession to any individual who makes a written request."[16] Thus, any individual may obtain from the KBI any person's criminal history record information, which would include information relating to any conviction, whether felony or misdemeanor. The Legislature is presumed to intend that its enactments be given a reasonable construction so as to avoid absurd or unreasonable results.[17] In our opinion, it is unreasonable to construe the 2001 amendments to K.S.A. 39-970 and K.S.A. 2000 Supp.65-5117 to limit the information provided by the KBI to KDHE beyond what the KBI would provide to an operator or any other individual, if requested directly by the operator or individual. Therefore, it is our opinion that in addition to felony convictions and the two misdemeanor convictions outlined in K.S.A. 39-970 and K.S.A. 2000 Supp. 65-5117, as amended, the KBI may provide to KDHE other misdemeanor conviction information in its possession that would be available to the public generally.
Additionally, we are advised that the system currently employed by the KBI to maintain criminal history record information has the ability to sort conviction from non-conviction information, adult conviction from juvenile adjudication information, and expunged from non-expunged conviction information. The system is not able, at this time, to sort felony convictions from misdemeanor convictions, or to pull out certain misdemeanor convictions. In order to accomplish this, therefore, the KBI would have to manually redact. This would require significantly more time than is currently needed to provide KDHE with the requested information. Because operators are able to conditionally employ persons pending the outcome of their records checks,[18] we do not believe the Legislature intended this result. Instead, we believe the intent was to provide KDHE with only information that could be handed over to the operators, with the exception of juvenile adjudication information, which cannot be disclosed except as outlined in Sections 1(f)(4) and 2(f)(4) of L. 2001, Ch. 197.
Finally, you ask what information an operator of an adult care home or home health agency may release to another operator. This Session, a new provision was added to K.S.A. 39-970 and K.S.A. 2000 Supp. 65-5117 that requires an operator of an adult care home or a home health agency to keep criminal history record information confidential except for disclosure to the applicant who is the subject of the information. It further provides that a violation of this requirement is an unclassified misdemeanor punishable by a fine of $100.[19] However, another subsection provides for the release of criminal history record information by one operator to another operator as follows:
 "The operator of an adult care home shall not be required under this section to conduct a background check on an applicant for employment with the adult care home if the applicant has been the subject of a background check under this act within one year prior to the application for employment with the adult care home. The operator of an adult care home where the applicant was the subject of such background check may release a copy of such background check to the operator of an adult care home where the applicant is currently applying."[20]
There is an identical provision relating to operators of home health agencies.[21] In State v. Adee,[22] our Supreme Court held:
 "In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible."
To determine the intent of the Legislature, we may look to the problem the statute tried to remedy or the object it tried to obtain.[23]
Applying these rules of statutory construction, we believe that the legislative intent in adding the confidentiality requirement was to ensure that operators do not divulge criminal history record information unless allowed by law to do so. The confidentiality provision allows the operator to reveal the information to the person who is the subject of the information. Although there are no other exceptions to this confidentiality requirement in that subsection, subsection (j) of both K.S.A. 39-970 and K.S.A. 2000 Supp. 65-5117, as amended, allow an operator to share the information with another operator when an employee of one adult care home or home health agency applies to work at another home or agency within a year of having a records check. The Legislature, by enacting this provision, limits the frequency of records checks needed for an individual and streamlines the process by allowing one operator to provide the information directly to another operator without involving the KBI or KDHE. These two subsections may be read together and harmonized so that the provision allowing an operator to exchange criminal history record information under certain limited circumstances constitutes an exception to the confidentiality provision. This interpretation gives effect to the legislative intent of both subsections by deterring operators from releasing information and by streamlining the records check process.
You ask what specific criminal history record information may be released by one operator to another. Because the subsections allowing for this release of information refer to "releas[ing] a copy of such background check" without further defining or limiting what should be released, it appears that the operator may release a copy of the criminal history record information that the operator received from KDHE.
In order to resolve the statutory conflicts addressed in this opinion, we encourage you to seek an amendment to the Juvenile Justice Code, specifically K.S.A. 38-1618(e), to add an exemption for KDHE's compliance with records checks for employees of adult care homes and home health agencies. Likewise, we encourage you to seek amendment to K.S.A. 39-970, as amended by L. 2001, Ch. 197, § 1(f)(5), and to K.S.A. 2000 Supp.65-5117, as amended by L. 2001, Ch. 197, § 2(f)(5), to exempt an operator who releases criminal history record information to another operator pursuant to subsection (j) of both statutes.
In summary, KDHE may notify an operator of an adult care home or home health agency if a person's juvenile criminal history record information would or would not prohibit employment of that person under K.S.A. 39-970
or K.S.A. 2000 Supp. 65-5117, both as amended by L. 2001, Ch. 197, but may not release the specifics of such information. In addition to juvenile adjudication information, upon written request for criminal history record information from KDHE to conduct records checks for employees of adult care homes or home health agencies, the KBI may provide any conviction information in its possession that would be available to the public generally. KDHE must then provide such information, absent the juvenile adjudication information, to an operator of an adult care home or home health agency pursuant to K.S.A. 39-970 and K.S.A. 2000 Supp. 65-5117, as amended. An operator receiving such criminal history record information may release a copy of the information received from KDHE to another operator in accordance with subsections 1(j) and 2(j) of L. 2001, Ch. 197 without violating the confidentiality requirements of subsections 1(f)(5) and 2(f)(5).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] L. 2001, Ch. 197, §§ 1(f)(4) and 2(f)(4).
[2] K.S.A. 38-1601 et seq.
[3] K.S.A. 38-1618.
[4] K.S.A. 38-1618(e).
[5] State ex rel. Tomasic v. Unified Government of WyandotteCounty/Kansas City, Kan., 264 Kan. 293, Syl. ¶ 9 (1998).
[6] Tomasic, supra at Syl. ¶ 8.
[7] L. 2001, Ch. 197, §§ 1(l) and 2(k) (emphasis added).
[8] State v. Micheaux, 242 Kan. 192, 199 (1987).
[9] Id.
[10] Id.
[11] K.S.A. 39-970(c), as amended by L. 2001, Ch. 197, § 1, and K.S.A. 2000 Supp. 65-5117(c), as amended by L. 2001, Ch. 197 § 2 (emphasis added).
[12] K.S.A. 39-970(d), as amended by L. 2001, Ch. 197, § 1, and K.S.A. 2000 Supp. 65-5117(d), as amended by L. 2001, Ch. 197, § 2 (emphasis added).
[13] L. 2001, Ch. 197, §§ 1(f)(1) and 2(f)(1) (emphasis added).
[14] L. 2001, Ch. 197, §§ 1(f)(2) and 2(f)(2) (emphasis added).
[15] L. 2001, Ch. 197, §§ 1(f)(1), 1(f)(4), 2(f)(1) and 2(f)(4).
[16] K.A.R. 10-12-1.
[17] Rockers v. Kansas Turnpike Authority, 268 Kan. 110, 113
(1999).
[18] K.S.A. 39-970(d), as amended; K.S.A. 2000 Supp. 65-5117(d), as amended.
[19] L. 2001, Ch. 197, §§ 1(f)(5) and 2(f)(5).
[20] L. 2001, Ch. 197, § 1(j) (emphasis added).
[21] L. 2001, Ch. 197, § 2(j).
[22] 241 Kan. 825, 829 (1987).
[23] Garber Enterprises, Inc. v. City of Lawrence,14 Kan. App. 2d 656, 660 (1990).